In the Matter of the Estate of JOHN W. WYLIE, Deceased.

MARK L. SHELDON and BERT TEFFT, as Executors, etc., of JOHN W. WYLIE, Deceased, Appellants; JESSIE C. WYLIE, Petitioner, Respondent.

Third Department, May 7, 1919.

**Husband and wife — separation agreement releasing claims of wife as widow to exemption out of property of deceased husband — immaterial alteration not affecting agreement.**

Provisions of an agreement of separation under which a husband paid to his wife a certain sum in consideration of her agreement to release him from all marital obligations, examined and *held*, that the wife intended to and

did thereby release all claims which she might otherwise have to any and all property, real and personal, owned by her husband prior to his death and that she thereby barred herself from the exercise of her right to have certain personal property set apart to her as exempt.

Words claimed to have been added to an agreement which would not have altered its meaning are ineffective to destroy its force.

APPEAL by Mark L. Sheldon and another, as executors, from a decree of the Surrogate's Court of the county of Washington, entered in the office of said Surrogate's Court on the 16th day of December, 1918.

*Van Ness & Russell* [*Harry L. Russell* of counsel], for the appellants.

*Herbert Van Kirk*, for the respondent.

H. T. KELLOGG, J.:

This is an appeal from an order of a surrogate directing the executors of the will of John W. Wylie to set apart to his surviving wife, Jessie C. Wylie, certain personal property of the class exempted by law for the benefit of widows.

On the 23d of May, 1893, John W. Wylie and Jessie C. Wylie, being then husband and wife, entered into an agreement of separation. The husband paid to his wife the sum of $575, and in consideration of such payment the wife agreed to release him from all marital obligations. The agreement was written in duplicate, and each party received a copy. Accepting the copy delivered to the wife as correctly expressing the agreement, we find that the consideration for the payment by the husband was in part a promise of the wife expressed in these words, " that she shall release and quit claim to him her said husband, all claim or interest she may have in any and all property, real or personal, that he now owns or at any time has owned since she became his wife." This promise is repeated in the agreement in words almost identical, which are as follows: " that she will release, and hereby does release and quit claim to him the said John Wylie, all claims she may have upon or interest she may have in any and all property, real and personal, that he the said John Wylie now owns or at any time has owned since she became his wife." It is contended that the words " now owns or at any time has

owned since she became his wife " speak from the date of the agreement, and necessarily limit the property released to such property as was owned by John W. Wylie during a period anterior to such date. When we consider the fact, however, that Jessie C. Wylie used words by which she not only presently released, but promised in future to release, the conclusion contended for does not seem to follow. Eliminating immaterial words and interpolating the words " before his death " the reading of the promise would become " that she will release all property that the said John Wylie at any time before his death has owned since she became his wife." This reading illustrates the fact that the words actually used are grammatically susceptible of a meaning which would include all the property of John Wylie whenever owned. Other provisions of the agreement between the parties clearly indicate that the meaning, of which the words are thus shown to be susceptible, is the meaning which the parties intended them to have. Thus the agreement provides that the wife will " release and acquit her said husband of and from all obligations to support and maintain her as his wife, and of and from any and all liabilities or obligations growing out of or issuing from their marital relations." It also provides that " the purpose and intent of this agreement is to place these parties in the same relation and position as if no marriage had been solemnized between them — so far as any and all obligations are concerned." We think it a correct construction of the agreement, as evidenced by the copy in the possession of the wife, that by it Jessie C. Wylie intended to release, and did release, all claims which as the widow of John Wylie she might otherwise now have to any and all property real and personal owned by her husband prior to his death. It is unnecessary to determine whether the words " shall hereafter acquire " were added to that copy of the agreement which was delivered to the husband in order to include property afterward acquired within the description of the property released. " A material change or alteration of an instrument is one which causes it to speak a language different in legal effect from that which it originally spoke." (2 C. J. 1173.) There are many authorities to the effect that an alteration not material within this definition does not vitiate an agreement. (*McCaughey* v. *Smith*, 27

N. Y. 39; *Booth* v. *Powers,* 56 id. 22; *Crawford* v. *West Side Bank,* 100 id. 50.)    As the words claimed to have been added would not have altered the meaning of the original agreement in the view which we take of it, their addition if made was ineffective to destroy its force.    Accordingly we hold that the widow has effectually barred herself from the exercise of her right to have the property in question set apart to her, and that the order was improperly made.

The order should be reversed.

All concurred.

Decree reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.