In the Matter of the Estate of HARRY YARME, Deceased.

Surrogate's Court, Westchester County, June 29, 1933.

*David Gorfinkel* [*Ulysses S. Adler* of counsel], for the petitioner.

*O'Brien, Boardman, Conboy, Memhard & Early* [*William J. Butler* and *Harold Greenwald* of counsel], for the respondent.

SLATER, S. The decedent died on October 22, 1932, leaving a child, William I. Yarme, the son of a former deceased wife, and his widow, Lena Yarme, whom he married about 1920.

The administratrix, Lena Yarme, seeks to discover and have turned over to the estate three certain bank accounts.

1. Account No. 70,182, in the Peoples Savings Bank of Yonkers in the name of the decedent *in trust* for his son, William I. Yarme.

2. Account No. 117,287, in the Peoples Savings Bank in the name of Harry Yarme or William I. Yarme, *jointly binding, to be paid to either or survivor.*

3. Account No. 17,676, in the Yonkers National Bank and Trust Company in the name of the decedent *in trust* for William Yarme, a son.

These three accounts were personally made by the decedent.

An answer was filed by the son, William I. Yarme, claiming title to the three deposits of money. Proof was taken consisting of the signature cards, deposit ledger cards and the pass books, as well as the testimony of the employees of the banks.

The three pass books were never delivered to the beneficiary and at the decedent's death were found in his safe deposit box.

With regard to the trust deposit in the Peoples Savings Bank, No. 70,182, which was opened May 10, 1910, the signature cards say " in trust for (son), William I. Yarme," and a rubber stamp is applied on the card, " Only in case of death of trustee pay to beneficiary named." On September 6, 1916, the name of the son was erased and a trust created for the decedent's then wife, Clara Yarme. Clara Yarme afterward died and on May 14, 1919, before the decedent married the present widow and administratrix, a change was again made and a trust was created for the son, William I. Yarme, and the card contained the rubber stamp impressing the words, " Only in case of death of trustee pay to beneficiary named."

The pass book reads, " Harry Yarme In trust for William I. Yarme," with the rubber stamp impress of " Only in case of death of trustee pay to beneficiary named."

With respect to the other *trust* account in the Yonkers National Bank and Trust Company, No. 17,676. The signature card is dated February 10, 1930, and contains the signature of the decedent. The ledger deposit card is in the name of Harry Yarme in trust for William Yarme, son. The pass book reads, " Harry Yarme in trust for William Yarme (son)."

The administratrix contends that these two trust accounts belong to the estate in view of the provisions of the Decedent Estate Law in effect since September 1, 1930, and refers to subdivision 3 of section 80 of the Decedent Estate Law. She further contends that the new Decedent Estate Law worked a revocation of the so-called tentative trusts which existed in favor of the son.

It has been the law of the State of New York for a long time that a deposit by one person of his own money in his own name

as trustee for another standing alone, establishes, during the lifetime of the depositor, a tentative trust revocable at will until the depositor dies or completes the gift in his lifetime. In case the depositor dies before the beneficiary, without revocation or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor.

It amounts " to a judicial addition to the mode permitted by section 21 of the Decedent Estate Law for the transmission of property on death." (*Matter of Reich,* 146 Misc. 616, 618.) It is a legally authorized manner of disposition of the decedent's effects on death to the extent of the property embraced at the time death occurs in degree equal to a will. The Decedent Estate Law in effect September 1, 1930, did not directly or by implication affect this method of disposition of property. *Matter of Reich* (*supra*) by court decision has gone as far as any case in its changing effect upon the so-styled tentative trusts. Here the court said that the effectuation of the trust would amount to a fraud on creditors which equity will not permit.

Before the enactment of the amendment to the Decedent Estate Law, in effect September 1, 1930, the State of Pennsylvania for a long while had similar laws. In fact, our new Decedent Estate Law was patterned after the Pennsylvania law. Consequently, the courts of Pennsylvania have been called upon to pass on questions affecting their Decedent Estate Law. With regard to the point of law raised by counsel, the Pennsylvania courts, in *Lines* v. *Lines* (142 Penn. St. 149), have decided that a distinction exists between trust provisions and the terms of the Decedent Estate Law. (See, also, *Sturgis* v. *Citizens' Nat. Bank,* 152 Md. 654; 137 Atl. 378.)

In my opinion there is no merit to the contention of the administratrix. I hold, with regard to these two trust accounts, that the avails of the accounts are owned by William I. Yarme, the son.

Referring now to the *joint account* in the Peoples Savings Bank, No. 117,287, opened October 16, 1925: The account was first opened in the name of the decedent. Later, on November 2, 1928, it was changed to " Harry Yarme or (son) William I. Yarme." On the reverse of the signature card are the words, " Add jointly with (son) William I. Yarme." (Signed) " Harry Yarme." The ledger account card is in the same language. The pass book stands in the name of " Harry Yarme or William I. Yarme," with the rubber stamp impress of " Jointly binding if paid to either or survivor." The administratrix contends that no joint account, as contemplated by subdivision 3 of section 249 of the Banking

Law, was created by the decedent. She relies on *Matter of Fonda* (206 App. Div. 61 [1923]). The facts of the *Fonda* case are similar to those in the recent case of *Matter of Fenelon* (237 App. Div. 285; affd., 262 N. Y. 57 [May, 1933]; reargument granted, Id. 539; revd., Id. 308). In each of these cases the court held that a valid gift was not effected for the reason that the terms of the note or letter handed in to the savings bank was not followed by the employees of the bank and what was done did not carry the intention of the depositor. In the *Fonda* case the depositor was not present at the bank. The facts of these two cases are not the facts of the instant case by any means and consequently not the law of the instant case.

The *joint account* was changed by the depositor himself and he knew what was on the pass book because he ever afterward had it in his possession. When the change was made the statute created a presumption not obtaining at common law. The evidence here is that the decedent must have seen the rubber stamp impressing the " printed legend " which says, " jointly binding if paid to either or survivor " upon the pass book because he had it in his possession. In the *Fenelon Case* (*supra*) the pass book did not bear the " printed legend." It exhibited no words stamped or written to indicate that the account was a joint account payable to either or survivor; in the *Fonda Case* (*supra*) the first writing upon the pass book was not in the statutory form and the second writing was not the prescribed form chosen by the depositor.

The test of a joint account must be found upon the pass book, and in the instant case the pass book in question was in the form to create the statutory presumption pursuant to the Banking Law. (*Matter of Lunt*, 146 Misc. 358, and cases cited; *Matter of Fenelon, supra; Matter of Sanders*, 129 Misc. 780.)

The funds in the joint account belong to the son.

The petition is dismissed.

Submit order.