In the Matter of the Estate of JAMES A. CLARK, Deceased.

Surrogate's Court, Richmond County, November 3, 1933.

*Albert C. Fach*, for the administrator.

*Edgar Hirschberg*, for the State Tax Commission.

SMITH, S.   Decedent died July 24, 1933, intestate and letters of administration were issued to his widow, the petitioner, on September 9, 1933.

· The only asset of the estate was an account in the Staten Island Savings Bank in the name of " James A. Clark in trust for Dorothy P. Collins," opened on April 12, 1933, amounting at time of death to the sum of $4,496.10.

Decedent's widow was his second wife, whom he had married some three or four years before his death, and with whom he is said to have lived until the early part of this year, when he became an inmate of Sailors Snug Harbor.   The *cestui que trust* was a niece of his first wife.   Although the proceeding is one to exempt an estate from taxation, yet it is necessary for the surrogate to first determine the ownership of the fund, for if, as claimed by the attorney for the petitioner, the amendments to the Decedent Estate Law worked a revocation of the tentative trust which was created by the decedent in his lifetime, then the fund, being less than $5,000, would belong to the surviving spouse and would be exempt from transfer taxes by reason of the statutory exemption.

There is no question of the fund being subject to transfer taxes if the ownership is in the *cestui que trust* (Tax Law, § 249-r, subd. 4), nor of the authority of the Legislature to impose the tax, for its right to impose *such burdens and requirements as it pleases* upon the transfer of property was well stated in *Matter of Penfold* (216 N. Y. 163, at p. 166).

No evidence was offered of contemporaneous facts, circumstances or declarations in relation to the deposit, and consequently an absolute trust was created for the *cestui que trust* as to the balance on hand at the death of the decedent (*Matter of Totten*, 179 N. Y. 112; reaffirmed in *Morris* v. *Sheehan*, 234 id. 366), unless the tentative trust was revoked by the Decedent Estate Law, as amended.   Although the question here presented is only as to the effect of the Decedent Estate Law since September 1, 1930, in relation to the rights of a surviving spouse in property owned by a husband during life, the title to which did not pass until the instant of death, yet the question is more easily answered by determining the right of a spouse to dispose of property during life, the title to which does not pass until death.

Section 83 of said act provides that " The real property of a deceased person   *   *   *   shall descend, and the surplus of his or her personal property, after payment of debts   *   *   *   shall

be distributed to the surviving spouse." The words used in the statute as to personalty, prior to the change in the law, are the same as now used, and the property which would constitute an intestate's estate at the time of his death would be the same since the amendments to the act as before, no more and no less, and as section 18 of said act only gives to a surviving spouse the right of election in the case of a will " to take his or her share of *the estate as in intestacy*," it is necessary to ascertain what authority exists to permit a spouse to transfer property other than by a will.

The courts have in the past confirmed the right of a spouse to transfer property, free from the claim of husband or wife, in many ways, among others, by gift *inter vivos*, or gift *causa mortis* or by creation of joint tenancy or survivorship or by survivorship under sections 249 and 380 of the Banking Law, or as in the present instance by a so-called " Totten Trust," and as any property so transferred would form no part of an intestate's estate, and the rights of a surviving spouse are not increased by the amendments to said act to include a right to any interest in property transferred other than by will, it follows that any such transfer, either effective in life, or at the instant of death, other than by will can still be made, free from any right of a surviving spouse to any interest in the property transferred.

Mr. Surrogate SLATER, in *Matter of Yarme* (148 Misc. 457), says of a " Totten Trust," " Decedent Estate Law did not directly or by implication affect this method of disposition of property."

And Mr. Surrogate WINGATE in *Matter of Reich* (146 Misc. 616, 618) also says in relation to the same, " In essence it is a legally authorized manner of disposition of the decedent's effects on death to the extent of the property embraced in the account at the time the death occurs in degree equal to a will."

I accordingly find that the surviving spouse has no right in the trust fund created by the decedent for Dorothy P. Collins, and that as the funeral of the decedent was furnished at the expense of the Sailors Snug Harbor and there are no debts the full amount of the fund is taxable under the Tax Law (§ 249-r, subd. 4).

Enter order accordingly.