In the Matter of the Estate of MARGARET M. MCCANN, Deceased.

Surrogate's Court, Albany County, June 12, 1935.

*John J. McManus,* for the executrix.

*Timothy E. Roland,* for John P. McCann.

ROGAN, S. On this accounting proceeding the court is asked to determine the rights of John P. McCann, the surviving spouse of testatrix, who has filed in this court a notice of election under section 18 of the Decedent Estate Law. The facts so far as material are as follows:

Margaret M. McCann, the testatrix, died in the city of Albany, N. Y., on January 11, 1933. Her will dated January 10, 1933, was admitted to probate in this court on April 10, 1933, and letters testamentary thereon issued to Ella F. Shanahan, a sister of testatrix. Her husband is not mentioned in the document admitted to probate. Subsequently, and on July 18, 1933, said John P. McCann filed and served a notice of election under section 18 of the Decedent Estate Law to take as against the terms of the will.

According to the account, the estate consists of a piece of real property located at No. 404 Second street, Albany, N. Y.; an account in the Albany Savings Bank in the name of " Margaret M. McCann in trust for Miss Ellie F. Shanahan, her sister," in the sum of $5,743.97 and incidental items of value, including rents collected on the real property of $560. The assessed value of the real property is $4,000 and its alleged market value $3,500. After deducting expenses for funeral and administration expenses, claims of creditors and so forth, there remains the sum of $4,878.24 to be distributed according to the terms of the will, less commissions and accounting charges. The real estate has not been sold.

The testatrix and claimant were married in the city of Albany, N. Y., on the 11th day of September, 1924. The evidence shows that sometime subsequent thereto the parties separated, and that a separation agreement bearing date the 15th day of April, 1926, was voluntarily entered into by and between the decedent and the claimant. The separation agreement recites the marriage of the parties, and continues as follows:

" WHEREAS, divers disputes and unhappy differences have arisen between the said parties of the first and second part, by reason whereof they now are, and ever have been since the 6th day of March, 1926, living separate and apart each from the other, and

" WHEREAS, said party of the first part, and said party of the second part, are the record owners in fee as tenants by the entirety of the premises with the building thereupon, known as No. 404 Second street, in the City of Albany, and State of New York, upon which there is a mortgage held by the City Savings Bank of the

City of Albany, New York, for Four thousand dollars ($4000.00) upon which there has been paid Three hundred dollars ($300.00), leaving a balance due, amounting to Three thousand seven hundred dollars ($3700.00) and accumulated interest from November 1st, 1925, and

" WHEREAS, said party of the first part is the owner of certain personal property, consisting of furniture now in the second flat of said premises No. 404 Second Street, Albany, N. Y. which flat is now occupied by the said party of the second part, and

" WHEREAS, there is a certain joint account in the names of the parties hereto in the Albany County Savings Bank in the City of Albany, N. Y. amounting to One Dollar ($1.00) and interest, and

" WHEREAS, the said party of the first part has agreed to assign, transfer and deliver to said party of the second part, a deed quit-claiming all of his right, title and interest in said premises, at No. 404 Second Street, Albany, N. Y. subject however, to said mortgage held by the City Savings Bank aforesaid, and also to remove said furniture from said premises, and also waive any claim, right, title and interest in and to said joint account in said Savings Bank in the joint names of the parties, and

" WHEREAS, the said party of the second part agrees to accept from said party of the first part, the said deed to be made by the said party of the first part of said premises No. 404 Second Street, in said City, subject to said mortgage held by the City Savings Bank of Albany, N. Y. which said party of the second part agrees to pay, and the waiver of any claim, right, title or interest in and to said joint account in said Savings Bank in the joint names of the parties hereto, which acceptance by said party of the second part is in full payment and satisfaction of any and all claims, which the said party of the second part now has, or may hereafter have, upon the said party of the first part, for the support and maintenance of the said party of the second part.

" *Now Therefore,* this Agreement made by and between said John P. McCann, party of the first part, and Margaret M. McCann, party of the second part,

" *Witnesseth:* That in consideration of the premises and of One Dollar ($1.00) each to the other in hand paid, the receipt whereof is hereby acknowledged, said parties have covenanted and agreed, and by these premises, do covenant and agree as follows:

" The party of the first part to deliver to the party of the second part simultaneously with the execution of this agreement a good and sufficient deed, conveying all of his right, title and interest in said premises known as No. 404 Second Street, in the City and County of Albany and State of New York, subject, however, to a

mortgage held by the City Savings Bank, of the City of Albany, N. Y. for Four thousand dollars ($4000.00), upon which mortgage there has been paid Three hundred dollars ($300.00), leaving a balance due of Three thousand seven hundred dollars ($3700.00), together with accrued interest which said mortgage second party agrees to pay, and free and clear of all other incumbrances, and at the same time and place the said party of the first part agrees to remove said furniture in the second flat of premises known as No. 404 Second Street, Albany, N. Y. now occupied by said party of the second part, and at the same time the said party of the first part does hereby waive any claim, right, title or interest in and to any and all joint accounts in Savings Banks in the joint names of the parties hereto.

" The party of the second part agrees to accept said deed of the premises above mentioned, subject to said mortgage of the City Savings Bank as aforesaid, which said mortgage the said party of the second part agrees to pay, and to accept a waiver of any claim, right, title or interest to said joint account aforementioned.

" *It being expressly covenanted and agreed,* that the acceptance, by the party of the second part of said deed and waiver of joint account as above set forth by said party of the second part, is in full satisfaction, payment and settlement of all claims and demands, which the said party of the second part now has or may hereafter have, against the said party of the first part for or on account of the full support, maintenance, medical attendance and any or all expenses, legal or otherwise of the said Margaret M. McCann, party of the second part, for and during her natural life, and

" *It is further covenanted and agreed,* that the said party of the second part will not hereafter contract any debt or debts, charges or liabilities of any kind or nature whatsoever, for which the party of the first part or his property or estate shall or may become personally liable or answerable, and that said party of the second part hereby covenants and agrees that she will at all times hereafter keep the said party of the first part free, harmless and indemnified from any and all debts or liabilities heretofore or hereafter contracted or incurred by the said party of the second part, and from any and all actions, proceedings, claims and demands, costs, damages and liabilities or any of them.

"*And it is further covenanted and agreed,* by and between the parties hereto, that it shall be lawful for the said party of the second part to live separate and apart from the said party of the first part, and free from his marital control and authority.

" The stipulations herein are to apply to and bind the heirs, executors, administrators and assigns of the respective parties."

Concurrently with the delivery of said agreement there was executed and delivered by the claimant to said Margaret M. McCann a deed of conveyance of his interest in the premises No. 404 Second street, which instrument provides in part as follows: " and it is intended hereby to bar every estate or right of the said grantor, John P. McCann, in said premises hereby conveyed including tenancy by the curtesy."

The executrix contends that the claimant has forfeited his statutory right of election by reason of subdivision 4 of section 18 of the Decedent Estate Law: " No husband who has neglected or refused to provide for his wife, or has abandoned her, shall have the right of such an election." No evidence whatever has been adduced as being indicative of neglect or refusal to provide, nor has there been any demonstration of abandonment. These parties separated under an agreement whereby the claimant, in lieu of periodic payments for the support of decedent, made a conveyance which constituted a valuable consideration. It has been held that such an agreement is valid in the absence of unconscionable conduct, or fraud, and does not constitute an abandonment. (*Matter of Sitkin*, 151 Misc. 448, 452. See also, *Matter of Stolz*, 145 id. 799; *Matter of Brown*, 153 id. 282.)

Holding, therefore, the claimant did not forfeit his statutory right of election, the question nevertheless remains whether there is anything in the estate of decedent which the surviving spouse can share in by reason of the exercise of the right conferred upon him by section 18 of the Decedent Estate Law.

As to premises No. 404 Second street there can be no question but what the claimant released " every estate or right " he had in the premises. It is wholly clear from the language of the deed given that the parties intended not only that John P. McCann should not have nor claim any interest in said property during the joint lives of the parties, but also that said John P. McCann would claim no interest therein in the event that he survived his wife. While any right to inherit the property under section 18 of the Decedent Estate Law is not mentioned in the deed, the intent of the parties is nevertheless clear. If it was not intended to bar every estate or right of said John P. McCann, present and future, why did the deed contain the words " including tenancy by the curtesy? " Said John P. McCann could only come into possession of this estate upon his wife's death.

In view of the circumstances surrounding the execution of the separation agreement and the simultaneous delivery of the deed to the decedent, and giving to the words used their natural and well-understood meaning, we may fairly arrive at the construction

that the husband barred himself from any right of inheritance which might come to him upon the death of his wife. Any other construction of the language of the deed would be forced and unnatural. (*Matter of Burridge*, 261 N. Y. 225; *Matter of Young* v. *Hicks*, 92 id. 235; *Matter of Wylie*, 187 App. Div. 840.)

While the validity of this deed as a waiver and release is not before the court, nevertheless, agreements to such an effect are recognized by subdivision 9 of section 18 of the Decedent Estate Law.

But one further question remains for our consideration. At the time of her death decedent had an account in the Albany Savings Bank which stood to the credit of " Mrs. Margaret M. McCann, in trust for Miss Ellie F. Shanahan, her sister," amounting to $5,526.81. The executrix withdrew the money from said bank and has included the proceeds thereof in the account herein, for the purpose no doubt of paying the debts, funeral expenses, expenses of administration and the gifts to the recipients of testatrix's bounty.

It has unquestionably been the law of this State for a great many years that a deposit by one person of his own money in his own name as trustee for another standing alone, establishes, during the lifetime of the depositor, a tentative trust revocable at will until the depositor dies or completes the gift in his lifetime. In case the depositor dies before the beneficiary, without revocation or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor. (*Matter of Yarme*, 148 Misc. 457; affd., 242 App. Div. 693.)

In this particular case nothing whatever has been shown upon which we could indulge any presumption to the contrary. There is on the other hand, the strongest conceivable inference arising from the familiar and customary feelings of normal persons that the decedent due to her estrangement from her husband which continued to her death, had no intention whatever to change the deposit so that upon her death her husband in particular could share in its proceeds.

The form of this deposit is the well-known so-called " Totten Trust." Under it an absolute trust was created by decedent for her sister Ella F. Shanahan as to the balance on hand at the death of decedent. (*Matter of Totten*, 179 N. Y. 112; *Morris* v. *Sheehan*, 234 id. 366.) This principle has been followed on many occasions. (*Matter of Clark*, 149 Misc. 374; *Matter of Yarme, supra; Matter of Reich*, 146 Misc. 616.)

The fact that decedent's sister has chosen to include these moneys in the present account does not give the claimant any right, title

or interest therein. Upon the death of the decedent the money became hers immediately, and if she desires to pay out of what rightfully belongs to her the funeral expenses, expenses of administration, and the expressed wishes of her dead sister, she may do so without forfeiting any of her rights thereunder.

I, therefore, hold this bank account became no part of decedent's estate.

As the rest of the estate consists of interest on this account and a small item of twenty-five dollars of furniture unsold, it would appear the claimant has no pecuniary interest whatever in decedent's estate. Proceed accordingly.