Elizabeth O'Neill Murray and Others, Appellants, *v.* The Brooklyn Savings Bank, South Brooklyn Savings Bank, Fulton Savings Bank and The Dime Savings Bank of Brooklyn, Defendants, Impleaded with Mary Margaret O'Neill, Individually and as Administratrix, etc., of Lawrence J. O'Neill Deceased, Respondent.*

First Department, December 1, 1939.

*Francis J. Mahoney,* for the appellants.

*John H. Roberts,* for the respondent Mary Margaret O'Neill.

* Revg. 169 Misc. 1014.

UNTERMYER, J. The seven plaintiffs are the designated beneficiaries of seven separate savings bank accounts, aggregating $13,411.76, in the form commonly known as " Totten trusts " (*Matter of Totten*, 179 N. Y. 112), created for their benefit at various times by Lawrence J. O'Neill subsequent to his marriage on November 11, 1934, to the defendant Mary Margaret O'Neill. Lawrence J. O'Neill died intestate on April 11, 1938. His widow was appointed the administratrix of his estate. The account in each instance is in the name of the deceased " in trust for " the designated beneficiary. In addition to the funds on deposit in these accounts, the decedent left property amounting to $6,270, which is now in the possession of the administratrix. The expenses of administration, it is believed, will amount to about $2,000. In no case was any pass book delivered to the beneficiary by Lawrence J. O'Neill nor is there other evidence of an intention to make any irrevocable gift or to create an irrevocable trust.

The deceased left him surviving no mother, father or children. His widow, two sisters and several nephews and nieces are entitled to share in his intestate estate. By this action the plaintiffs seek to establish their right to the savings bank accounts in the defendant banks. The widow, by counterclaim, asserts that the trusts thus created are ineffective as against her rights under section 18 of the Decedent Estate Law as interpreted by the decision in *Newman* v. *Dore* (275 N. Y. 371). The Special Term, in an opinion reported (169 Misc. 1014), sustained the contention of the widow and adjudged that the funds constituting each of the separate trusts were the property of the estate.

We would agree with the conclusion of the Special Term that these " Totten trusts," which reserved to the deceased during his lifetime all the attributes of ownership, constituted transfers which would be " illusory " under the decision of *Newman* v. *Dore* (*supra*), and, accordingly, subordinate to the rights of the widow under section 18 of the Decedent Estate Law if Lawrence J. O'Neill had left a last will and testament. In saying this we disregard the finding of fact that the transfers were made " with the intention of depriving the widow, Mary Margaret O'Neill, of her prospective rights as surviving spouse," since the motive for the transfer is not the test of its validity. " The only sound test of the validity of a challenged transfer is whether it is real or illusory; * * * whether the husband has in good faith divested himself of ownership of his property or has made an illusory transfer." (*Newman* v. *Dore, supra*, p. 379.)

The characteristics of a " Totten trust " are stated as follows in *Matter of Totten* (*supra*): " A deposit by one person of his own

money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass book or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor." The court also said: " When a deposit is made in trust and the depositor dies intestate leaving it undisturbed, in the absence of other evidence, the presumption seems to arise that a trust was intended in order to avoid the trouble of making a will."

There is no substantial distinction between such a trust and the trust, though not a " Totten trust," which was the subject of consideration in *Newman* v. *Dore*. There, as here, the settlor had reserved all the benefits of ownership until his death, and there, as here, the trust only became absolute and irrevocable upon his death. But in *Newman* v. *Dore* the decedent had left a last will and testament which gave to the widow a standing under section 18 of the Decedent Estate Law. Such also was the fact in *Bodner* v. *Feit* (247 App. Div. 119). In the present case the decedent left no will. The inquiry thus arises whether the widow of a decedent who has died intestate is in a position to complain of the creation of a " Totten trust," which has necessarily resulted in depleting his estate.

We fully appreciate the difficulties which surround the answer to that problem. If it be held that the widow is not in a position to assail such transfers as " illusory," then the husband may effectively disinherit her by creating " Totten trusts " and then failing to execute a will. However, it must be remembered that the same result might in any event be accomplished by an absolute transfer made during the husband's life. If, on the contrary, a transfer by means of the creation of a " Totten trust " may be assailed as " illusory " by the widow of a decedent who has died intestate, then it may be assailed by any other distributee, though not entitled to the protection of section 18, since under the statute (§ 83) there is no distinction in the quality of their expectancies, if such they may be called. These difficulties are intensified because, as will soon appear, the surviving spouse is thus asserting rights, though derived from section 18, to a larger interest in the estate on intestacy than she would receive under that section if the decedent had left a will against which she had elected to take.

We think, under the statute (Dec. Est. Law, § 18), that the widow has no standing to complain of a transfer by the creation of a " Totten trust " where the decedent has not left a will against which the widow can elect to take. (Compare *Robb* v. *Washington & Jefferson College*, 185 N. Y. 485; *Van Cott* v. *Prentice*, 104 id. 45.) We do not believe it to have been the purpose of the statute in such cases to invalidate a form of trust which for generations has been recognized as a lawful and convenient method for the transmission of property. Yet that is the effect of refusing to enforce these trusts at the instance of the classes of persons enumerated in section 83. (See *Marine Midland Trust Co.* v. *Stanford*, 256 App. Div. 26.) Upon the authority of *Matter of Totten* innumerable so-called " Totten trusts " have been created, many of which are in existence today. It is fair to assume that they were generally established for the purpose of transmitting property on the death of the depositor in different proportions than the laws governing intestacy provide. Yet it could hardly have been contended before the enactment of section 18 of the Decedent Estate Law, that the interest of a distributee under former section 98 (now section 83) would have entitled him to assert that the principal of such a trust was part of the assets of the estate and distributable as such. Indeed, in *Newman* v. *Dore (supra)* it was assumed, though not decided, " that except for the provisions of section 18 of the Decedent Estate Law the trust would be valid. (Cf. *Robb* v. *Washington & Jefferson College*, 185 N. Y. 485; *Von Hesse* v. *MacKaye*, 136 N. Y. 114.) "

Section 18 of the Decedent Estate Law does not enlarge the rights of the widow in her husband's intestate estate. By that section, it is true, the husband and wife could no longer disinherit each other by any last will and testament thereafter executed. If either attempted to do so the other might elect to take against the will, not necessarily the intestate share to which he or she would be entitled under section 83 of the Decedent Estate Law, but " his or her share of the estate as in intestacy," " in no event * * * more than one-half of the net estate." The difference here would be substantial, for under section 83 (subd. 4) the widow would be entitled to $10,000 and one-half of any residue, whereas under section 18 (subd. 1, par. [a]) she would be entitled only to one-half of the net estate. Yet it is her claim that under section 18 she may assert the invalidity of these trusts and thereby cause them to be included as a part of the assets of the estate, thus entitling her to $10,000 in addition to one-half of the residue, even though by the same section she is limited to one-half of the net estate. To permit this to be done, moreover, would allow other relatives

of the deceased to share in the principal of these trusts to the exclusion of the beneficiaries, even though they are not entitled to the protection of section 18. We think this may not be done.

Whatever may be the rights which the surviving spouse acquired by section 18, they exist only where a decedent " dies * * * and leaves a will," and then only where written notice of election to take against the will is served upon the representative of the estate in the manner provided by subdivision 7. Such an election must be made " within six months from the date of the issuance of letters testamentary or if letters testamentary have not been issued from the date of the issuance of letters of administration with the will annexed " (subd. 7). From these provisions, and from others too numerous to mention, it is manifest that section 18 was intended to apply only where the deceased had attempted by last will and testament to reduce the interest of the surviving spouse in the estate below the percentages set forth in the statute. The right to share in the intestate estate is not referred to in section 18 and remains unaffected thereby. (*Matter of Yarme*, 148 Misc. 457; affd., 242 App. Div. 693; *Matter of Schurer*, 157 Misc. 573.)

It is suggested that because a " Totten trust " to a limited extent is testamentary in character it should be regarded as within the provisions of section 18 applicable to " a will." But however a " Totten trust " may be defined, it cannot be classified as " a will " (Dec. Est. Law, § 2), nor can " letters testamentary " or " letters of administration with the will annexed " be issued thereon. Yet the issuance of such letters determines the period within which the surviving spouse must elect to take against the will. (§ 18, subd. 7.) That " Totten trusts " were not regarded by the Legislature as included in the term " will " is also demonstrated by subdivision 9 of section 18, which refers to an " election to take against a particular last will and testament." Indeed, it is difficult to reconcile the respondents' contention with the fact that the widow has been appointed administratrix of the estate.

Since Lawrence J. O'Neill died without leaving any will, his widow may not claim the benefit of section 18 of the Decedent Estate Law. Her rights, like those of all other distributees enumerated in section 83, are such, and only such, as existed before the enactment of section 18. It follows that the general rule sustaining against distributees the validity of " Totten trusts " is applicable here.

The judgment should be reversed, with costs, and judgment directed in favor of the plaintiffs against the defendants, with costs.

GLENNON, DORE and CALLAHAN, JJ., concur; MARTIN, P. J., dissents and votes for affirmance.

Judgment reversed, with costs, and judgment directed in favor of the plaintiffs against the defendants, with costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.