EMMA SCHNAKENBERG, Respondent, *v.* CHARLOTTE SCHNAKENBERG, Individually and as Administratrix C. T. A. of the Last Will and Testament of HENRY A. SCHNAKENBERG, Late of Kings County, Deceased, KINGS COUNTY TRUST COMPANY, as Trustee under a Certain Agreement of Trust Dated August 19, 1931, Made by and between HENRY A. SCHNAKENBERG, as Grantor, and KINGS COUNTY TRUST COMPANY, as Trustee, and THE CHURCH MISSION TO DEAF-MUTES, Appellants, and Others, Defendants.*

Second Department, June 30, 1941.

* Affg. 176 Misc. 312.

*John H. Schmid* [*Henry Logan* with him on the brief], for the appellants Charlotte Schnakenberg, individually and as administratrix, etc., and Kings County Trust Company, as trustee.

*Bern Budd, Jr.,* for the appellant The Church Mission to Deaf-Mutes.

*Max Frank* [*Joseph Fishbein* with him on the brief], for the respondent.

HAGARTY, J. This is an action by a widow, excluded as a beneficiary under the will of her deceased husband, to set aside a deed of trust made by her husband as a fraud upon her and as an illusory transfer. The relief sought is that she be awarded such portion of the property of decedent as forms a part of the trust fund under the deed of trust and which she would be entitled to take under the Decedent Estate Law (§ 83) had her husband died intestate. The sufficiency of the complaint is questioned on this appeal.

From the factual allegations of the complaint and the exhibits thereto annexed, it appears that plaintiff and decedent, Henry A. Schnakenberg, were married on the 24th day of January, 1916. Schnakenberg died on the 13th day of September, 1938, leaving no heirs or next of kin other than plaintiff and his sister, defendant Charlotte Schnakenberg. A will made by decedent on the 7th day of July, 1926, was admitted to probate on the 22d day of June, 1939. By it the testator bequeathed the entire net estate to the Gallaudet Home for Aged and Infirm Deaf-Mutes, subject to life estates for the benefit of Charlotte Schnakenberg and certain named friends. The assets to be administered pursuant to the terms of the will are of trifling value, as the decedent, on the 19th day of August, 1931, made and executed a deed of trust of all his property, amounting to $100,000, designating appellant, Kings County Trust Company, as trustee. By the terms of this deed,

decedent was to receive the net income for life and, upon his death, the net income became payable to Charlotte Schnakenberg for life, if she survived decedent; and upon her death the trustee was directed to pay the principal to defendant, The Church Mission to Deaf-Mutes, for the use of the Gallaudet Home for Aged and Infirm Deaf-Mutes. The decedent reserved the right to revoke the trust at any time, in whole or in part, to withdraw any moneys or property therefrom, and to alter, amend or modify its provisions.

The gravamen of this action is that the trust agreement was a sham and that it was executed in lieu of a will with the intent and for the purpose of avoiding the effect of the Decedent Estate Law (§§ 18 and 83) enlarging the prospective property rights of a surviving spouse. The gist of the complaint is that the will of 1926 was violative of the provisions of the Decedent Estate Law (§ 17) in that, by its terms, it bequeathed more than one-half of the decedent's estate to charitable purposes within the inhibition of that statute. To avoid the effect of partial intestacy which would entitle the wife to share, pursuant to the provisions of the Decedent Estate Law (§ 83), and at the same time deprive the plaintiff of the right of election afforded her under any will executed subsequent to August 31, 1930 (Dec. Est. Law, § 18), the decedent, in 1931, adopted the device of making a revocable deed of trust by virtue of which he retained possession and control of his estate and sought to effectuate his testamentary intent to the exclusion of plaintiff, who had no notice or knowledge of the execution of the trust agreement.

We are of opinion that the complaint states a cause of action within the authority of *Newman* v. *Dore* (275 N. Y. 371), in that it presents an issue as to whether the deed was illusory and intended only as a mask for the effective retention by the settlor of the property which in form he conveyed. In determining the intention of the settlor in that respect, it seems obvious that a prime factor is whether or not the settlor intended to deprive plaintiff of her potential property right pursuant to the Decedent Estate Law (§ 18). In the *Newman* case (*supra*, p. 380) LEHMAN, J., writes: "We assume, without deciding, that except for the provisions of section 18 of the Decedent Estate Law the trust would be valid."

We are constrained to disagree with the holding in *Murray* v. *Brooklyn Savings Bank* (258 App. Div. 132) to the effect that, in order to invoke the Decedent Estate Law (§ 18), a surviving widow must show that her husband left a will against which she could elect to take under the statute. A widow may have no right to elect pursuant to the Decedent Estate Law (§ 18) and yet may rely upon it in support of her action to set aside a revocable

trust as illusory where the very purpose of the decedent in so conveying was to avoid its application. In the *Newman* case (*supra*), as here, plaintiff was afforded no right of election pursuant to the Decedent Estate Law (§ 18). There the will was made subsequent to August 31, 1930, but in form provided for plaintiff in the same proportionate share as she would have received under the laws governing intestacy. Here, the will was made prior to September 1, 1930, and so the provisions of the Decedent Estate Law (§ 18) are inoperative. The grievance of the widow in the *Newman* case (*supra*), as here, relates not to a direct violation of that law, but to evasion thereof in reducing the *quantum* of the estate.

The widow may properly maintain this action to set aside the conveyance. (*Krause* v. *Krause*, 285 N. Y. 27.)

The order should be affirmed, with one bill of ten dollars costs and disbursements.

CARSWELL, JOHNSTON, ADEL and CLOSE, JJ., concur.

Order affirmed, with one bill of ten dollars costs and disbursements, with leave to appellants to answer within ten days from the entry of the order hereon.