In the Matter of the Accounting of BELLE MUND et al., as Executrices under the Will of LOESER KALINA, Deceased.

Surrogate's Court, Kings County, February 26, 1945.

*Jack Mund* for executrices.

*Krauss & Bedell* for Leah Kalina, widow, respondent.

*T. Vincent Quinn, United States Attorney (Stanley W. Herzfeld,* of counsel), for United States of America, *amicus curiae.*

McGAREY, S. Testator died March 14, 1943, survived by a widow and three daughters of a prior marriage. He left a will, dated February 8, 1943, which was duly admitted to probate, letters testamentary thereunder issuing to two of the daughters.

In this proceeding the executrices seek judicial settlement of their account. The estate consists of household furniture and clothing to the value of $600, which have been set off to the widow; four promissory notes, in the aggregate amount of $225; a savings account and checking account in the respective amounts of $175 and $289; and miscellaneous items, such as tools, jewelry and the proceeds of a death benefit, in the aggregate amount of $275. Funeral and administration expenses total $443. In addition, allowed claims amount to $44; there has been paid to the widow the sum of $300 pursuant to section 200 of the Surrogate's Court Act, and certain items of property valued at $75 have been delivered to the specific legatees thereof. The account further shows that notes to the amount of $150 are uncollectible, so that it appears upon the whole that the executrices have paid out moneys in excess of that received by them.

The testator used a stationer's form in making his will and it evidences inapt draftsmanship. After directing payment of his lawful debts and costs of his funeral and tombstone, he gives " one third of my cash left to my beloved wife Lena " and the balance in equal shares to his three daughters. He then specifically bequeathes his wearing apparel, books, tools, jewelry and household furniture to designated persons. The will contains neither a residuary clause nor any other dispositive provision, except those heretofore mentioned.

The widow has served and filed a notice of election to take against the will. She claims that the executrices have failed to charge themselves with certain United States Series " G " bonds, which were registered in the name of the testator, payable on death to various designated beneficiaries. Subsequent to testator's death, and pursuant to stipulation, all of the bonds were reissued in the names of the respective beneficiaries, and deposited in court to await a ruling upon the objections now before it.

It is urged in behalf of the widow under the two objections remaining for determination that (a) the registration of the bonds in the name of the testator, payable on death to a designated beneficiary, was an act testamentary in nature, and its performance not having been accomplished in accordance with section 21 of the Decedent Estate Law, was consequently void; and (b) the stated registration of the bonds constituted an illusory transfer in fraud of the widow's rights under section 18 of the Decedent Estate Law.

The question of the right of a beneficiary of United States Savings Bonds to the proceeds thereof has been the subject of extended discussion on prior occasions. It has been ably presented in the opinion of Surrogate FOLEY in *Matter of Deyo* (180 Misc. 32) in which the reported cases upon the subject were considered. This court has indicated its concurrence in the result there reached in *Matter of Amols* (184 Misc. 364). In *Matter of Deyo* (*supra*) it was clearly shown that the right of the beneficiary to enforce payment of the bond upon the registered owner's death is recognized and protected. " No conflict between the Federal Law and the law of the State of New York exists in this situation. No principle of law, no policy of our State operates to defeat or diminish the rights of a beneficiary under this form of bond." (*Matter of Deyo, supra,* p. 40.) Again at page 41 Surrogate FOLEY points out that at the time of purchase of the bonds in the form here in issue the beneficiary acquired a present interest. " The registered owner provided for payment to the beneficiary directly in the event that the beneficiary survived him to the date of maturity and the bonds were still outstanding. Under the Treasury Regulations he might surrender the bonds for redemption but he was powerless to eliminate the name of the beneficiary during the latter's lifetime. To that extent he retained no power of revocation over the transfer."*

Analogy may therefore be drawn between the present interest acquired by the beneficiary of United States bonds and the present interest acquired by the joint tenant of a savings bank account. In any case the intent of the deceased spouse is immaterial upon the question of whether the challenged transfer is real or illusory. The present interest acquired by the beneficiaries of the bonds here in issue, at the moment of purchase and registration, is superior to any expectant rights of a surviving spouse.

---

* See, also, *Matter of Karlinski*, 180 Misc. 44, and *Matter of Hager*, 181 Misc. 431.— [REP.

By section 24 of the Personal Property Law the right of an owner, co-owner or beneficiary " to receive payment of such bond according to its terms " may " not be defeated or impaired by any statute or rule of law governing transfer of property by will or gift or an intestacy, provided, however, that nothing herein shall limit article ten of the debtor and creditor law or section one hundred twenty-four of the decedent estate law." This section is made applicable to bonds issued before or after its effective date (L. 1943, ch. 632, § 2). The contention of the widow that section 24 has no application in this matter because the death of the testator antedated its effective date is without merit. The legislative note annexed to the section makes clear that no change in the existing law was intended or effected. Its purpose was to eliminate the doubts of purchasers of these bonds caused by the decision in *Deyo* v. *Adams* (178 Misc. 859). That the section was intended only as an enactment into statute of the previously existing law was demonstrated in *Matter of Deyo* (*supra,* p. 43).

When the provisions of section 24 are examined in the light of the holding in *Deyo* v. *Adams* (*supra*) it is evident that the Legislature must have considered and rejected the right of a surviving spouse to subject to his or her share of the estate, the proceeds of beneficiary bonds issued by the United States. In that case the court had before it a motion made under rule 106 of the Rules of Civil Practice. The action was brought by the widow, as coexecutrix of the estate, and was directed to recovery of certain United States bonds, registered in the decedent's name, payable on his death to designated beneficiaries. While the plaintiff in commencing the action was acting in behalf of the estate of which she was one of the legal repre-sentatives, in fact, the ulterior purpose of the suit was to reduce to her possession the proceeds of the bonds so that she might share therein as an electing spouse or residuary legatee. In holding that the complaint stated a good cause of action, Justice HOOLEY felt that it was unnecessary to pass upon the question relating to the rights of the widow under her right of election. Whether the widow in the Deyo estate relied upon her status as sole residuary legatee or electing spouse in challenging the right of the beneficiaries of the bonds is not explicitly shown, but in either case the result would not be affected. Since the legislation was intended to remove any doubts arising from the decision, it is a fair assumption that the background of the case had been considered by the sponsors of the proposed statute and in turn by the Legislature which adopted it. Since the

Legislature expressly provided that the right of the beneficiary to receive payment of the bond shall not be defeated or impaired by any statute or rule of law except article 10 of the Debtor and Creditor Law and section 124 of the Decedent Estate Law, the attempt of the widow under the asserted rights given to her by either sections 18 or 83 of the Decedent Estate Law is patently without merit. If the Legislature had intended to protect the rights of surviving spouses, it could easily have done so. " It is not the duty of courts to disregard the plain words of a statute, even in favor of what may be termed an equitable construction, in order to extend it to some supposed policy not included in the act " (*Tompkins* v. *Hunter,* 149 N. Y. 117, 123). It is a rule of statutory construction that where the Legislature has in express words provided exceptions to a general rule, such provisions are to be deemed exclusive and to forbid the creating of any further exceptions by implication. (*Matter of Hering,* 133 App. Div. 293; *Smull* v. *Delaney,* 175 Misc. 795.) This court could not, therefore, further defeat or impair the right of the beneficiaries of the bonds to receive payment in accordance with the tenor of the registration, by reading into section 24 a legislative intent to make a further exception in favor of a surviving spouse.

The court is naturally aware that the result here reached gives judicial approval to another medium by which the expectant rights of a spouse may be curtailed or even destroyed. It is only the latest to receive judicial consideration. A great deal has been written with respect to the devious means by which a spouse with intent to so deplete his estate upon his death as to mock the provisions of sections 18 and 83 of the Decedent Estate Law insofar as the rights of the surviving spouse are concerned may nevertheless invest or transfer his assets, so as to retain some, most or all of the beneficial incidents of ownership and possession, and yet place them at death beyond the reach of the surviving spouse. It is not the intention of this court to add thereto. The remedy lies with the Legislature alone.

In respect to the second asserted basis for invalidity of the transaction reliance is placed upon the rule enunciated in *Newman* v. *Dore* (275 N. Y. 371) and *Krause* v. *Krause* (285 N. Y. 27). It is further claimed that the right of the electing spouse to compel the beneficiaries of the bonds here in question to contribute to her share of the intestate property is substantially analogous to the ruling in *Krause* v. *Krause (supra),* in

which the beneficiary of a savings bank account in trust, was compelled to contribute to the share of the electing spouse.

Before discussing the contention of the widow, it is proper to define her exact rights in the estate. As hereinbefore indicated, the will after disposing of cash in a manner satisfying the minimum permissive benefits to a widow, further disposed of specific items of personal effects, the largest part of which has been set off to the widow as exempt property. Since no other dispositive provisions are found in the will, the decedent died intestate as to all other classes or kinds of property of which he was either seized or possessed. In this latter property the widow would succeed to her statutory share in any event, and since it is demonstrated that the will otherwise complies with the minimum benefits required by section 18, no violence is done to her rights under that section. It is therefore clear that the widow has no valid right of election under this will, and that so far as she bases her claim to an interest in the bonds under the guise of an electing spouse, it must be dismissed. Nevertheless as the surviving spouse she may challenge the right of the beneficiaries of the bonds to take them free and clear of her rights therein, upon the ground that the transfers were illusory. (*Schnakenberg* v. *Schnakenberg,* 262 App. Div. 234.) In that case the will had been executed in 1929, so that the widow had no right of election, but the will having bequeathed to charities more than the maximum permitted under section 17 of the Decedent Estate Law, she asserted her right under the statute to share in the excess so bequeathed. The court sustained her right to maintain an action to set aside a revocable deed of trust executed by her husband. Support was found in *Newman* v. *Dore* (275 N. Y. 371, *supra*) where the widow likewise possessed no right of election because the will provided for her the minimum statutory benefits. As pointed out in *Schnakenberg* v. *Schnakenberg* (*supra*) the grievance of the widow relates not to direct violation of section 18, but to evasion thereof, in reducing the quantum of the estate.

Examining the claim of the widow upon the merits, therefore, the real issue here presented is, was the purchase of the bonds by the decedent and their registration in his name, payable on death to the designated beneficiaries, a transaction real in form only, and illusory so far as decedent's divestment of his rights therein in his lifetime was concerned. No point would be served in reviewing the proof adduced on this score, for the widow relies almost entirely upon the form of the transaction, as evidence of its illusory nature. The bonds were purchased by

the decedent in 1941, 1942 and 1943, and deposited by him with the Federal Reserve Bank for safekeeping. During his lifetime decedent was entitled to, and received the interest on the bonds. Despite the fact that the parties were married and lived together as husband and wife for twenty-five years and assuming, for the purpose of argument, that the testator intended to place beyond the reach of his wife so much of his estate as was invested in the bonds, it does not appear to the court that there has here resulted an unlawful invasion of the wife's right to share in the estate of the husband.

The Court of Appeals in *Newman* v. *Dore* (275 N. Y. 371, 379, 381, *supra*) has stated that " the only sound test of the validity of a challenged transfer is whether it is real or illusory ". In that case the court declined " to formulate any general test of how far a settlor must divest himself of his interest in the trust property to render the conveyance more than illusory." In its subsequent decisions the Court of Appeals has continued to judge the validity of the transfer upon the facts in each case. Thus in *Krause* v. *Krause* (285 N. Y. 27, *supra*) conveyances to the decedent's sons of real property, by deeds recorded on the day of execution, and which reserved to him the rents for life, were sustained as valid, while a statutory trust bank account, of which a daughter, who at all times was a resident of Germany, was the beneficiary, was held illusory. In *Caldwell* v. *Caldwell* (285 N. Y. 655) the court affirmed without opinion, a dismissal of an action brought by a wife, individually, and as receiver in sequestration proceedings, to set aside certain gifts of cash made by the husband to a daughter. The Appellate Division had stated (259 App. Div. 845), that the finding that the gifts were made solely for the purpose of depriving the plaintiff of her personal right of election pursuant to the Decedent Estate Law requires the conclusion that the transfers were valid, since there is no evidence that the gifts were illusory only. In *Inda* v. *Inda* (288 N. Y. 315) the court held that, whether a decedent died testate or intestate, the surviving joint tenant of a savings account created in full compliance with subdivision 3 of section 239 of the Banking Law, was entitled to the balance therein, free of any claim by the widow. The finding of the trial judge that the decedent intended only to make an illusory transfer was held immaterial.

To review all of the reported decisions in the Appellate Divisions of the several departments and in the courts of first impression upon this subject would extend this decision beyond

its justifiable limits. It suffices to say that an examination of the cases leads this court to conclude that the formula for determining whether a transfer is real or illusory depends in the first instance upon the nature of the transaction. In the case of savings bank accounts in trust for a designated beneficiary the earlier cases, *Matter of Yarme* (148 Misc. 457, affd. 242 App. Div. 693), *Matter of Clark* (149 Misc. 374), *Matter of McCann* (155 Misc. 763) and *Matter of Schurer* (157 Misc. 573, affd. 248 App. Div. 697), have held the right of the beneficiary to the proceeds of the account to be immune from attack by the surviving spouse; while the later cases, *Krause v. Krause* (285 N. Y. 27, *supra*), *Matter of Barasch* (267 App. Div. 830) and *Murray* v. *Brooklyn Savings Bank* (258 App. Div. 132; by dicta, if decedent dies testate) have scrutinized the transaction to determine whether it is a real or illusory transaction. By the very nature of the savings account in trust, no present rights are conferred upon the beneficiary, in the absence of a consummated gift by delivery of the bankbook, and the depositor retains all of the rights and incidents of ownership in his lifetime. Yet a wholly different result is reached in the case of the joint savings account. Here the nature of the holding vests in each joint tenant a present and vested right, which defeats any attack upon it by the surviving spouse. (*Inda* v. *Inda*, 288 N. Y. 315, *supra; Matter of Yarme, supra; In Re Lorch's Estate*, 33 N. Y. S. 2d 157.)

Objections '' Fourth '' and '' Fifth '' to the account are accordingly dismissed.

Submit decree, on notice, in accordance herewith.