MARY J. KAVANAUGH *vs.* ALBERT L. KAVANAUGH & another.

Suffolk. April 4, 1932. — May 19, 1932.

Present: RUGG, C.J., CROSBY, WAIT. SANDERSON, & DONAHUE, JJ.

*Fraud. Husband and Wife.*

Previous to his engagement to marry, a man represented to his fiancee that he was the owner of certain real estate. Previous to their marriage in 1921, he conveyed the real estate to his brother, without consideration and without intending the conveyance to be absolute, for the purpose of preventing any rights therein accruing, after his marriage, to his wife. The grantee had knowledge of such purpose, but the transaction was concealed from the wife until 1928. In a suit in equity commenced by the wife against the husband and his brother in 1929, it was *held*, that it was proper to enter a final decree declaring the title to the real estate to be in the husband and enjoining the brother from asserting any right therein.

BILL IN EQUITY, filed in the Superior Court on October 22, 1929.

The suit was heard by *Brown*, J. Material facts and the substance of a final decree entered by his order are stated in the opinion. The defendants appealed.

*M. N. Abrahamson*, (*C. C. Mitchell, Jr.*, with him,) for the defendants.

*J. J. Enright*, (*G. F. Grimes* with him,) for the plaintiff.

CROSBY, J. This suit in equity was heard by a judge of the Superior Court who made the following findings: The plaintiff and the defendant Joseph B. Kavanaugh were married to each other on November 9, 1921. At the time they became engaged to marry, he was the owner of certain real estate situated in Boston and described in paragraph 2 of the bill of complaint. On occasions before,

and during said engagement, and thereafter from the date
of their marriage until their separation in 1928, he repre-
sented to her that he was the owner of the premises and
that they were not encumbered.   On September 20, 1921,
he conveyed the property by quitclaim deed to his brother,
Albert L. Kavanaugh, the other defendant, without con-
sideration, but not intending it to be an absolute convey-
ance, and for the purpose of preventing any rights therein
accruing to the plaintiff through her approaching marriage
to him; of this purpose the grantee had knowledge.   The
deed was deposited in the safe of the defendant Albert L.
Kavanaugh in his law office in Lewiston, Maine, until July
11, 1923, when he caused it to be recorded in the Suffolk
registry of deeds, and returned to him; it has since re-
mained in his possession.   The trial judge further found
that Joseph B. Kavanaugh concealed from the plaintiff
the fact of this antenuptial conveyance, and continued to
manage, control and retain for himself the income from the
premises until the fall of 1928, when the plaintiff was granted
a decree, by the Probate Court for the county of Suffolk,
to the effect that she was living apart from her husband
for justifiable cause; since that time Albert L. Kavanaugh
has retained said income for himself.   A final decree was
entered in which it was ordered, adjudged and decreed that
the defendant Joseph B. Kavanaugh was "seised in fee
simple in his own right" of the real estate in question;
that by the deed dated September 20, 1921, he transferred
the property to his brother Albert L. Kavanaugh, without
consideration, and with the fraudulent intention and pur-
pose of depriving the plaintiff of her marital rights in the
property, and that Albert L. Kavanaugh took said transfer
with knowledge of said fraudulent purpose.   The decree
further recited that the defendant Albert L. Kavanaugh
"is hereby forever enjoined from asserting or claiming own-
ership or being seised in fee simple in his own right in said
described property by, through or under said . . . deed
dated September 20, 1921; and the codefendant Joseph B.
Kavanaugh be and he is hereby decreed to be sole owner
in fee simple of said described estate"; that costs be taxed

in the sum named to be paid by the defendants to the plaintiff, and that execution issue therefor. From this decree both defendants appealed. No question is raised as to the form of the decree.

The evidence not being reported the findings must stand, as it does not appear that they are mutually inconsistent or plainly wrong. *L. E. Fosgate Co.* v. *Boston Market Terminal Co.* 275 Mass. 99, and cases cited. The judge found that the conveyance was made, without consideration, for the purpose of preventing the plaintiff from acquiring any rights in the property upon her marriage with Joseph B. Kavanaugh, with the full knowledge of the grantee. This constituted a fraud practised upon the plaintiff. She had a right to rely upon the good faith and honesty of her husband. She could assume that he would not enter into a fraudulent transaction with his brother to deprive her of her marital rights after they had become engaged, and before they were married. *Allen* v. *Allen,* 213 Mass. 29, 34. *Tucker* v. *Andrews,* 13 Maine, 124, 128. *Smith* v. *Smith,* 2 Hals. Eq. 515, 522. In the case last cited it was said: "I am of opinion that a voluntary conveyance by a man, on the eve of marriage, unknown to the intended wife and made for the purpose of defeating the interest which she would acquire in his estate by the marriage, is fraudulent as against her." See also *Wheeler* v. *Kirtland,* 12 C. E. Green, 534, 535; *Pinkinson* v. *Pinkinson,* 93 N. J. Eq. 583; *Wildeman* v. *Wildeman,* 98 N. J. Eq. 109; *Daniher* v. *Daniher,* 201 Ill. 489; *Petty* v. *Petty,* 4 B. Mon. 215. It follows that the decree must be affirmed with costs.

*Ordered accordingly.*