Beatrice LeStrange, Respondent, *v.* Augustus J. LeStrange and Others, Appellants, Impleaded with Daniel O. LeStrange, Individually, and Another, Defendants.

Second Department, July 3, 1934.

*Louis L. Cantwell,* for the appellants.

*Stanley H. Hemley,* for the respondent.

Davis, J. The action was brought to cancel, on the ground of fraud, a certain trust agreement and the conveyances and transfers made thereunder.

In the month of June, 1932, the plaintiff and defendant Daniel O. LeStrange made an agreement to marry and plans for the future were discussed between them. At that time Mr. LeStrange was sixty-eight years of age, the age of the wife not being stated. Both had children, who were married and living in separate homes. The prior marriages of both parties had been dissolved by death. The plaintiff was living with her married daughters and Mr. LeStrange was living with one of his children. Evidently the arrangement to marry was a practical one, and the parties wished to have a separate home and live their lives free from the conflicts

arising through living in the home of younger people. It was their right to make this choice without interference by others having different notions and conflicting ambitions based upon a desire to share in the father's property. They were married on September 30, 1932.

When the agreement to marry was made, Mr. LeStrange was the owner of two parcels of real property and a substantial sum deposited in a savings bank; and his prospective wife was informed of these facts at that· time. No doubt the information was conveyed for the purpose of assuring her that she would have a comfortable home and proper maintenance and support after the marriage in accordance with the plans they had made. It was made known to the children of Mr. LeStrange that these parties contemplated matrimony in the near future, and there was objection on their part. These objections culminated in action the day following the issuance of the marriage license on August 16, 1932. On that day a so-called trust agreement was executed by Mr. LeStrange to himself as trustee, reciting a consideration of one dollar, love and affection. The agreement provided that he, as trustee, should keep the corpus of the trust fund invested and pay the income to himself during his lifetime; and that after his death the fund should be divided in equal shares among the three children or the survivors. The trustee was limited in his power to lease, mortgage or sell any of the real property without the consent of the three sons, and was likewise limited in the withdrawal of any funds other than income except with their consent. Conveyances and transfers of all the property were made from Mr. LeStrange individually to himself as trustee for the three sons. This agreement and the following transfers deprived his wife of the right to take any portion of the property by will or by distribution under the Decedent Estate Law, and limited the amount that could be expended for their maintenance and support during the period of their married life. The plaintiff did not discover these facts until about two months after her marriage, when they came to her attention casually and accidentally.

This action, as we have said, is to cancel and have declared void the trust agreement, conveyances and transfers of the bank deposit, which it was claimed were made and executed in fraud of the plaintiff's rights as a prospective wife. The husband interposed no answer and testified as a witness for the wife. There has been no interruption of their marital relation, and the wife testified that they were living happily together at the time of the trial. The three sons are the only litigants seeking to support the trust agreement.

It is conceded that there was no actual consideration moving from the other interested parties to the father in making this agreement. It is clear from the evidence that the trust agreement was brought about by the children and the attorney representing them, and that its purpose was to deprive the prospective wife of any possible future property interest in the corpus of her husband's estate either by way of support and maintenance or by devise or distribution under the Decedent Estate Law. Very likely the husband was preyed upon and advantage taken of some period of recession in his ardency, and, as he says, he was coerced by threats to put him in an asylum; so that he acted under more or less coercion or improper influence when he made the agreement on the day following the taking out of the marriage license.

It is not disputed that the husband had the right to deal freely with his property during his lifetime in the ordinary course of business, either before or after marriage; or that certain rights will vest in the plaintiff in any property left at his decease. What is claimed by plaintiff here is that the husband, urged so to do by his children, secretly conveyed and disposed of his property in a manner that constituted a fraud on her rights, now made substantial by the provisions of sections 18 and 83 of the Decedent Estate Law.

The findings of fact made by the court established the principal facts alleged in the complaint and were supported by the proof. It has been found that the sons had knowledge of the contemplated marriage and the plans the parties had made in that respect, and objected to the marriage; that the agreement, conveyances and transfers were made in contemplation of the marriage and with intent to defraud the plaintiff and deprive her of her prospective rights as a surviving spouse, and that that was the intent of all the defendants; that the plaintiff was not informed and did not know of the existence of the agreement and the transfers of property, and that the facts were concealed from her.

The conclusions of law are to the effect that the agreement, conveyances and transfers are void and should be canceled; that the plaintiff was entitled to judgment requiring the defendants to turn over to the husband all deeds, agreements, bank books and other documents; and that she was entitled to a judgment extinguishing all rights of these parties under and by virtue of the agreement, deeds and bank deposits. A judgment in favor of the plaintiff followed the conclusions just stated.

The defendants submitted no proposed findings and have filed no exceptions to those made. There is presented, therefore, only the question whether the trust agreement and the related transfer

were, as a matter of law, void as a result of the fraudulent acts, intents and purposes heretofore recounted. We entertain no doubt on that subject.

A man cannot deliberately, by his own purpose or through the inducement of other interested persons, strip himself of all inheritable property in fraud of his prospective wife, to whom he has represented that he has sufficient property for their comfortable support and maintenance and in which she will be entitled to share upon his decease. Courts of equity will furnish relief to the end that such fraudulent and unconscionable acts will be declared void. (*Youngs* v. *Carter*, 10 Hun, 194; *Carpenter* v. *Cornings*, 51 id. 638; *Smith* v. *Smith*, 6 N. J. Eq. 515; *Kavanaugh* v. *Kavanaugh*, 279 Mass. 238.) *Melenky* v. *Melen* (233 N. Y. 19) is not in conflict with these views. There the husband was not seized of the real property at the time of the agreement to marry; and it was held that the wife alone could not maintain an action to establish her inchoate rights of dower. *Byrnes* v. *Owen* (243 N. Y. 211), distinguishing the *Melenky* case, is more nearly akin in principle to the present case.

We deem further discussion unnecessary. The judgment should be affirmed, with costs against the appellants.

Present — LAZANSKY, P. J., YOUNG, KAPPER, TOMPKINS and DAVIS, JJ.

Judgment unanimously affirmed, with costs against appellants.