ROSALIND M. REISS, Plaintiff, *v.* CARL REISS, NEW YORK LIFE INSURANCE COMPANY and THE PENN MUTUAL LIFE INSURANCE COMPANY, Defendants.

Supreme Court, Special Term, New York County, November 8, 1937.

*Isidor Block* [*Horace G. Marks* of counsel], for the plaintiff.

*Jack J. Katz,* for the defendant Carl Reiss.

McLAUGHLIN (CHARLES B.), J. This is a motion made by the defendant Carl Reiss to dismiss the second cause of action pursuant to rule 106 of the Rules of Civil Practice. The complaint sets forth two causes of action in equity. The first cause is for specific performance of a contract made between the moving defendant and the plaintiff, who are husband and wife, growing out of the settlement of previous litigation between them. The second cause repeats the allegations of the first and also seeks to set aside alleged fraudulent transfers. The subject-matter of this action consists of policies of life insurance and some certificates of stock. The complaint alleges that it was arranged as part of the settlement that the policies which were up to that time in plaintiff's possession would be deposited in a safe deposit box, where they were to remain during plaintiff's lifetime. Plaintiff and defendant Reiss were to have individual access to the box. It was also agreed that the plaintiff was to be the sole beneficiary with the premiums to be paid by the defendant Reiss, who was to deposit his income in an account subject to withdrawal on check signed by either party. The plaintiff was for the present to draw $105 for her monthly allowance. The defendant Carl Reiss allegedly breached

this agreement by removing the policies and some stock certificates from the vault, refusing to return them, and changing the beneficiary in some or all of the policies, and has threatened to surrender them and convert the proceeds to his own use. The only property this defendant has is his interest in these policies and securities. He is now receiving an income of $350 monthly for disability under the terms of the policies. It is alleged that the acts of the moving defendant constitute a fraud and deceit upon the plaintiff and were done to defeat her rights.

This action has as its basis the contract whereby the husband placed this insurance so that the proceeds were to be devoted to the use of his wife. The complaint alleges that he violated that agreement. The effect of the agreement was that his interest should become part of his estate except in so far as it merged in the right of the wife as beneficiary.

By taking these policies and stock certificates and by changing the beneficiaries in the policies the defendant has stripped himself of all his property and reserved to himself merely the income derived from his disability claim. He also appropriated to himself the right to deal with this property during his lifetime as though it were his alone and to arrange for its disposal upon his death to the exclusion of his wife. This constitutes, in the opinion of the court, a violation of section 18 of the Decedent Estate Law. That he chose this mode of substituting beneficiaries to perpetrate an act which would otherwise be illegal is immaterial. He did it with one purpose only, and that was to strip himself so completely of his property as to die penniless and leave his wife with nothing. We must look to the substance and not the form. If the plaintiff proves what she has alleged there would be a violation of the statute, and plaintiff should have the relief sought. (*Newman* v. *Dore*, 275 N. Y. 371; *LeStrange* v. *LeStrange*, 242 App. Div. 74; *Bodner* v. *Feit*, 247 id. 119.)

Motion is denied.