HERMA RUSSELL MITCHELL, Plaintiff, *v.* CARRIE L. MITCHELL, Individually, CARRIE L. MITCHELL, as Executrix, etc., of STEELE MITCHELL, Deceased, LUCY R. BROWN, HAZEL M. WOOD, PRUDENTIAL INSURANCE COMPANY OF AMERICA, TRAVELERS INSURANCE COMPANY and JAMES S. BROWN, Defendants.

Supreme Court, Special Term, New York County, January 8, 1942.

Stanley Ide LaCov, for the plaintiff.

Arthur L. Burchell, for the defendants Carrie L. Mitchell, Lucy R. Brown and James S. Brown.

White & Case [Chester Bordeau of counsel], for the defendant Carrie L. Mitchell, as executrix, etc.

Conboy, Hewitt, O'Brien & Boardman [D. Asch of counsel], for the defendant Hazel M. Wood.

Weit & Goldman [B. P. Goldman and J. G. Telchin of counsel], for the defendant Prudential Insurance Company of America.

Moran, Galli & McGlinn [A. J. Busicco of counsel], for the defendant Travelers Insurance Company.

BENVENGA, J.   Plaintiff and decedent were married in November, 1936, and lived together as husband and wife until about June 15, 1940, when they separated. Shortly thereafter decedent conveyed to his mother his one-half interest in certain real estate which he owned jointly with her, transferred his automobile to her, and changed the beneficiaries on his life insurance policies (aggregating about $50,000) from his estate to his mother. Then, on the day of his death, he handed plaintiff a sealed envelope containing $7,000 in cash. Meanwhile, decedent had executed a will, leaving $15,000 to plaintiff and the residue of his estate to his mother. He died in December, 1940, leaving a net estate of $9,000.

On the day the parties became reconciled in September, 1940, decedent represented that he had made no transfer or conveyance of his property, nor any change of beneficiaries on his life insurance policies; that he was interested only in plaintiff and his mother; that he had always provided that, in the event of his death, his property and the proceeds of his insurance policies would be divided equally between them; that he had made no change in beneficiaries and would make none.

It cannot be doubted that the underlying motive of decedent, in disposing of his property after the separation and in the manner in which he did, was to deprive plaintiff of her potential property rights under sections 18, 82 and 83 of the Decedent Estate Law, under which the surviving spouse, in lieu of dower or courtesy, is entitled to a personal right of election and to take, as against a different provision in a will, the share to which such spouse would have been entitled in case of the death of the deceased spouse intestate. The question is whether, under the circumstances, plaintiff is entitled to have the instruments in question set aside and declared null and void.

It is well settled that the Decedent Estate Law (§ 18) gives the surviving spouse only an expectant interest in the estate of the deceased spouse. It does not restrict a transfer or conveyance of property during lifetime, notwithstanding such transfer or conveyance may have been without consideration and with intent to deprive the surviving spouse of his or her share in the estate of the deceased spouse. It is essential, however, that the conveyance or transfer be real and not illusory. The test is whether the deceased spouse has actually and absolutely divested himself of ownership of his property, or whether he has made an illusory transfer or conveyance. If the deceased has made an actual and outright conveyance or transfer of his property, it will not be set aside, even though it may have been made without consideration and with intent to disinherit the surviving spouse. In short, a spouse may, during his lifetime, convey, transfer or dispose of his property so as to deprive the surviving spouse of any share in his property. (*Newman* v. *Dore*, 275 N. Y. 371, 379, 380; *Krause* v. *Krause*, 285 id. 27, 31, 32; *Caldwell* v. *Caldwell*, Id. 655; *Schnakenberg* v. *Schnakenberg*, 262 App. Div. 234; *Murray* v. *Brooklyn Savings Bank*, 258 id. 132; *Marine Midland Trust Co.* v. *Stanford*, 256 id. 26.)

Those rules, having been applied to Totten Trusts, where the depositor reserves power during his lifetime to deal with the deposit in any way he chooses (*Krause* v. *Krause, supra*, 32, 33; *Murray* v. *Brooklyn Savings Bank, supra*, 134, 135), in principle, they undoubtedly also apply to life insurance policies, where the assured reserves the right during his lifetime to change the beneficiaries. (*Bullen* v. *Safe Deposit & Trust Co.*, 177 Md. 271; 9 A. [2d] 581; *Reiss* v. *Reiss*, 166 Misc. 274; *Matter of Kelley*, 160 id. 421; affd., 251 App. Div. 847; *Chamberlin* v. *First Trust & Deposit Co.*, 172 Misc. 472.) The result in each case is the same. The rights of beneficiaries are contingent and revocable; they do not vest until the death of the assured or settlor.

Applying these principles to the instant case, it would seem that the conveyance of realty and the transfer of personalty are real, while the change of beneficiaries was illusory. In the former transactions, decedent divested himself of his property completely and absolutely, in accordance with the essential forms of law; in the latter transactions, he had not done so.

Nevertheless, the question remains whether the transactions may be nullified, because of decedent's false and fraudulent representations that he had made no transfer, conveyance or other disposition of his property except as he had explicitly represented.

It is well settled that a transfer or conveyance of property will

be set aside as fraudulent, where it is made by a decedent in contemplation of marriage and with intent to strip himself of his inheritable property in fraud of the rights of his prospective wife, and where he has falsely represented that he has sufficient property for their support and maintenance and in which she will be entitled to share on his decease. (*LeStrange* v. *LeStrange*, 242 App. Div. 74, 77; *Rubin* v. *Myrub Realty Co., Inc.*, 244 id. 541, 543; *Bodner* v. *Feit*, 247 id. 119, 121; *Reiss* v. *Reiss, supra.*) The same principle has been held to apply where decedent, in order to induce a widow to marry him, represented that he was a man of considerable wealth and would handsomely support her and her children by a former marriage, and where, following the marriage, he assured her that she would on his decease receive one-third of his property. (*Matter of Hearn*, 158 Misc. 370, 373.) And the rule has also been held that where decedent, in contemplation of his reconciliation with his wife, agreed to make her a beneficiary of his insurance policies, whereupon a reconciliation followed, such a reconciliation, even for a short period, gave the wife an absolute right to the policies, a right superior to one to whom the policies had been assigned. (*Weisman* v. *Metropolitan Life Ins. Co.*, 7 N. Y. Supp. [2d] 565; affd., 256 App. Div. 914.)

As the court pointed out in the *Hearn* case (*supra*, 375), in equity, the term " fraud," within the meaning of the frequently applied definition of Story, J., " properly includes all acts, omissions, and concealment, which involve a breach of legal or equitable duty, trust, or confidence, justly reposed, and are injurious to another, or by which undue and unconscientious advantage is taken of another."

It would seem, therefore, that where, as in the instant case, the decedent represented that, during the separation, he had made no transfer, conveyance or disposition of his property, and that, in the event of his death, she would inherit one-half of his property, decedent was guilty of actionable fraud, and that the plaintiff, who, relying upon his representations, discontinued her separation action and became reconciled to him, is entitled to have the transactions declared null and void in so far as they are contrary to the representations made by decedent. (See *Bullen* v. *Safe Deposit & Trust Co., supra.*)

If a man cannot, by an ante-nuptial transfer or conveyance, dispose of his property in fraud of his prospective wife, he should not be permitted to perpetrate a fraud upon his wife by means of a post-nuptial transfer or conveyance, especially when it is considered that the purpose of the Decedent Estate Law (§§ 18, 82, 83) was " to increase the share of the surviving spouse in the

estate of a deceased spouse." (See *Newman* v. *Dore, supra,* 375.) As has been pointed out, " Transfers of the former type have always received the protection of the courts so long as the prospective wife has relied upon her prospective husband's representations as to the extent of his property. To hold that she loses that right after the assumption of the marital status is to remove with one hand what has been given by the other. It would appear that in logic as well as fairness to both parties, either the protection should be coextensive with the marital status, or it should be denied entirely and the ante-nuptial suits abolished." (23 Corn. L. Q. 463.)

The *Bullen* case (*supra*) is in point. There, the evidence was insufficient to warrant the inference that the insured, in creating a trust of insurance policies, did so for the purpose of defrauding the surviving spouse of her potential share in his estate. In holding that, under the circumstances, the widow was not entitled to a distributive share in the proceeds of the policies, the court intimated that the result might have been different had the evidence established that the decedent had so dealt with his property as to defraud his wife (pp. 279, 280).

Here, the evidence is plainly sufficient. However, the plaintiff is not entitled to a decree nullifying all the transactions inasmuch as a wife cannot complain of reasonable gifts or advances made by a husband, where they do not constitute the principal part of the husband's estate. (See *Newman* v. *Dore, supra,* 378.) Under the circumstances the transfer and conveyance of property by decedent to his mother will not be set aside; nor will the change of beneficiaries of the life insurance policies be nullified, in so far as the defendant Wood is concerned.

Settle judgment in accordance herewith. Findings of fact signed. Settle conclusions of law. Other findings of fact in accordance herewith may be submitted.