No. 42.—STEPHEN UPSON, plaintiff in error, *vs.* NANCY C. ARNOLD, executrix, &c. *et al.* defendants in error.

[1.] If, upon the dissolution of a partnership, general or limited, the retiring partner *bona fide* assigns all his interest in the stock and effects to the remaining partner, the same becomes *separate* property, and will be distributable accordingly, notwithstanding the subsequent insolvency of the remaining partner.

In Equity, in Oglethorpe Superior Court. Decision by Judge THOMAS W. THOMAS, October Term, 1855.

William S. Arnold, during his life, entered into partnership with Benj. A. Gresham in a mercantile enterprise. Subsequently, Gresham sold out to Arnold all of the assets of the firm, and Arnold assumed the payment of the debts of the firm. Arnold then entered into a partnership with Stephen Upson, as a limited partner—Upson putting in the sum

of $5.000. Subsequently, Upson retired, selling out to Arnold, who assumed payment of the debts. Arnold died insolvent, many of the debts of the two preceding firms being still unpaid. On a bill to marshal assets, filed by the executrix of Arnold, the Court below decided, that by reason of the sales by Gresham and Upson, respectively, to Arnold, the firm assets became individual assets; and by reason of the assumption by Arnold of the firm debts, and his individual agreement to indemnify the retiring partners, the firm debts stood in Equity as individual debts; and hence, that all the creditors, of equal dignity, of both firms, and of Arnold individually, should be paid *pro rata* from all the assets. This decision is assigned as error by Stephen Upson.

CONE, for plaintiff in error.

T. R. R. COBB, for defendants.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] It is distinctly admitted by the able Counsel for the plaintiff in error, that in case of *general* partnerships, if the retiring partner *bona fide* assigns all his interest in the stock and effects to the remaining partner, that the same becomes thereby *separate* property, and will be distributable accordingly, notwithstanding the subsequent insolvency of the remaining partner; and that the sale made by Gresham to Arnold, comes within this principle; and such, undoubtedly, is the law. (*Perkins' Edition of Collyer on Partnerships,* 789.)

He denies, however, that the same rule applies to the transfer between Upson and Arnold, which was a case of *limited* partnership. The learned Counsel has cited no authority in support of such distinction. The Act of 1837 (*Cobb's Digest,* 585) recognizes none such. And the only reason assigned by the distinguished Counsel for incorporating this exception

upon the well established doctrine of partnerships, that in case of general partnerships, the retiring partner may still be sued for the firm debts, contracted previous to the dissolution, which cannot be done in the case of limited partnerships.

We will not say that this constitutes no ground why a different practice should not prevail in the two cases. No writer, however, upon this head of the law, has referred to any such distinction, not even when treating expressly and exclusively of the Law of Limited Partnerships. No such point has been adjudicated by any Court, English or American. And under such circumstances, we should not feel warranted in making such an innovation.