In the Matter of the Estate of ADA CHASE LUNT, Deceased.

Surrogate's Court, Westchester County, January 25, 1933.

*Frederick H. Berges, Jr.,* for the administratrix.

*Frederick E. Weeks,* for Samuel Lunt, husband.

*Charles C. Fenno,* for County Trust Company.

*Walter F. Wood,* special guardian for Jean Lunt and Madeline Lunt, infant grandchildren.

SLATER, S.    The decedent's administratrix brings a proceeding to obtain the proceeds of an interest or savings account in the amount of $1,917.62, with interest from January 1, 1931, to date, deposited in the County Trust Company of White Plains, N. Y. The husband, Samuel Lunt, makes a claim to the said deposit, alleging that a joint account was created.

The account is indicated on pass book No. 9685 in the name of " Adah Chase Lunt," the first deposit having been made on March 4, 1924, in the sum of $644.21.

There is no stamp or writing upon the pass book bringing any other person into the account as joint owner, such as appeared in *Matter of Suter* (258 N. Y. 104, 105).

The stipulation of the attorneys is that the pass book was in the decedent's possession at the time of her death.

The signature card, dated March 4, 1924, was offered in evidence. It has on it the signature of " *Adah* Chase Lunt," with her address and family history.   On the same signature card is the signature of Samuel Lunt, with his address and family history.   Stamped on the card are the words " and payable to either or survivor of them."   These words were also stamped upon the card which shows the list and the dates of the deposits.   On this card is the name of " *Ada* Chase Lunt " in typewriting, and the words " or Samuel Lunt " are written in.   On its reverse side are described the rights of the parties with the two signatures.

The bank officer who received the first deposit is not available and there is no proof before the court to indicate when, or under what circumstances, Samuel Lunt's name came to be on the signature card or by what authority, if any, the stamp, " and payable to either or survivor of them," was placed upon the signature card, or the account card.

There was placed in evidence the following, dated May 11, 1926:

" Please let my son Mr. Forrest Sumner Lunt have $135.00 from the money you have collected from the Wiscasset Maine Bank and deposited in your Bank under Samuel Lunt and Adah Chase Lunts name.

                                " Very truly yours,
                                        " SAMUEL LUNT."

On May 18, 1926, the amount of $135 was withdrawn and so indicated on the pass book. The paper offered in evidence recites that this amount was transferred to the checking account of Forrest S. Lunt. There was no direction for this payment from the decedent to the bank, pursuant to its printed rules.

Section 249, subdivision 3, of the Banking Law governs the case of *joint deposits*. The pass book is the token of ownership. (*Hanigan* v. *Wright*, 233 App. Div. 82; affd., 257 N. Y. 602.) The courts have decided that savings bank *trusts* become irrevocable upon the delivery of the pass book, thus conferring upon pass books the distinction of being the token of ownership. (*Matter of Totten*, 179 N. Y. 112; *Tibbitts* v. *Zink*, 231 App. Div. 339; *Matter of Vaughan*, 145 Misc. 332, 339.) *Davlin* v. *Title Guarantee & Trust Co.* (229 App. Div. 269, 270; affd., 255 N. Y. 559), speaking of pass books, says, " * * * [the pass] books which carried control of the funds." In actions or proceedings affecting saving deposits, the subject-matter consists of bank books which represent the money.

There is no evidence of a request by the decedent to the bank to add the name of Samuel Lunt to either the pass book, the card or the account. The deposit is not in statutory form to create a joint account with right in the surviving husband.

Section 249, subdivision 3, of the Banking Law speaks of a " deposit." A deposit is evidenced by the pass book and there is nothing on the pass book in this case to indicate a survivorship account. The fact that the husband probably called at the bank, left his signature on the card and told the bank clerk that he wanted the card and account slip marked with the words of survivorship thereon, and would later bring in the pass book with directions from the depositor, is ineffectual in law. Such a procedure, without the entry of the change upon the pass book in a proper way, would open the door to endless fraud upon pass book owners.

The chief problem of a savings bank and of the thrift department of a commercial bank is the safekeeping of funds for the pass book owners. The pass book is the book of the debtor parties which allows the bank to enter their mutual transactions and thus these entries become the written admissions of both parties. It is the evidence of a contract between the bank and the depositor. (Banking Law, § 248.)

In the instant case there is no evidence of a transfer or assignment of the decedent's interest in the pass book representing the deposit.

It has been held that a savings bank book was evidence of the

debt and that the savings bank is not obliged to pay the depositor, except upon production of the bank book. A gift of a savings account is accomplished by a transfer of the pass book itself. The theory running through the cases is that the book is the evidence of the debt which the donor intends to give and the delivery of the book transfers an equitable title. (*Brophy* v. *Haeberle*, 220 App. Div. 511, 512, 513.)

The question of the intention of the depositor in opening or changing the account is a question of fact and, in the instant case, it is the intention of the decedent that is to be looked for. No evidence has been presented regarding the intention of the decedent to change her pass book.

The signature card and the account of the bank with the depositor are only the records of the bank for their information, guidance and safety.

The form of the account as indicated on the pass book would not justify any claim of compliance or permit the payment of the funds to the husband of the decedent. What appears on the pass book must govern. It is the form of the account alone as disclosed in the pass book that vests title to the money. (*Matter of Levinsky*, 145 Misc. 318.)

In pursuance of the statutory provisions, the bank trustees or directors adopted by-laws which were printed in its pass books. Among other provisions, the by-laws provide: " No deposits will be paid except to the depositor in person, or to some person presenting the written order of the depositor with the pass book." (*Meighan* v. *Emigrant Industrial Savings Bank*, 168 App. Div. 542; affd., 222 N. Y. 578.)

The bank is indebted to the decedent as evidenced by the pass book. (*Mierke* v. *Jefferson Co. Savings Bank*, 208 N. Y. 347, 350.)

I hold that the money on deposit belongs to the estate of Ada Chase Lunt.

Submit order.