WILLIAM H. PELTON'S EXR. *v.* JOHN H. DUMAS.

(84 A2d 408)

May Term, 1951.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion filed October 2, 1951.

Opinion on Motion for Reargument filed November 16, 1951.

*Finn, Monti & Davis* and *Stanley C. Wilson* for the defendant.

*Philip A. Angell* for the plaintiff.

CLEARY, J.  This is an action for an accounting brought by the executor of the will of William H. Pelton against Pelton's surviving partner, John H. Dumas. Trial was by jury who found the defendant liable to account. Judgment on the verdict, execution stayed and cause passed to this court before an accounting and before final judgment.

The business of the partnership was buying and selling cattle. At the start, in 1938, Pelton furnished the money which was deposited in a checking account in the Randolph National Bank entitled "W. H. Pelton, Special Account." A deposit book was issued having on its cover the title "Deposits of W. H. Pelton Special" which was used without change of that title by the partnership during its entire existence and until the account was closed by the defendant on September 29, 1949, the morning after the testator's death.

On June 11, 1943, Pelton was confined in the hospital. On that date he and Dumas signed a signature card obtained from the bank which read as follows "W. H. Pelton (Special Acct) subject to withdrawal of either and payable to survivor W. H. Pelton John H. Dumas June 11, 1943." Dumas then delivered the card to the bank and the bank changed the checking account to read "W. H. Pelton or John H. Dumas Special Account." At that time the account amounted to about $1,100.00. The partnership continued to deposit its funds in and pay its bills from that account. With possibly one or two exceptions Pelton made all deposits and issued all the checks until his last illness. On the date of his death, September 28, 1949, the balance in the account was $19,338.05. The defendant claims he owns the money in that account and he is not obliged to account for it.

At various times during the years the partnership existed Dumas told Pelton he was short of money and Pelton drew checks on the bank account and gave them to Dumas. They totaled $2,000.00. At another time the partnership needed money and Pelton deposited $600.00 of his own funds in the bank account. Dumas tried at various times to persuade Pelton to take that $2,600.00 out of the bank account but each time Pelton refused to do so and said he did not want it.

The defendant has briefed numerous exceptions. They are all based on his claim that the case is entirely controlled by V. S. 47,

sections 8779 and 8780. These two sections of the statutes are as follows:

"8779. Joint deposits. When a deposit has been made in a bank in the name of two or more persons, payable to any one of them, or payable to the survivors or any one of the survivors, such deposit or any part thereof, or any interest or dividend thereon may be paid to any one of such persons, whether the others are living or not, and the receipt or acquittance of the person so paid shall be a valid and sufficient release and discharge of the bank for any payment so made."

"8780. Same; evidence of. The recital of the words "payable to either or to the survivor" or words of like effect in the order creating such account and signed by the person or persons who furnish the funds for such deposit shall be conclusive evidence, as between the payees and their legal representatives, of the creation of an absolute joint account. However, nothing herein shall prevent the proof of fraud, undue influence, or incapacity, to defeat such joint interests."

The plaintiff claims that the Uniform Partnership Act is determinative of the rights of the parties and particularly V. S. 47, § 6086-II(d) which is as follows: "(d) On the death of a partner, his right in specific property vests in the surviving partner or partners, except where the deceased was the last surviving partner, when his right in such property vests in his legal representative. Such surviving partner or partners, or the legal representative of the last surviving partner, has no right to possess the partnership property for any but a partnership purpose."

The Uniform Partnership Act is chapter 269 of V. S. 47, § 6105 of that chapter is as follows:

"6105. Construction. Nothing in this chapter shall affect the provisions of chapters 79, 270, and 399, and sections 1647, 2715, 2877, 2878, 5523, and 5547."

Sections 8779 and 8780 are a part of chapter 381. Because neither chapter 381 nor sections 8779 and 8780 are mentioned in § 6105 and because chapter 269 was adopted several years after sections 8779 and 8780, the plaintiff argues that if the Legislature had intended to except sections 8779 and 8780 from the provisions of chapter 269 it would be so stated. But that does not necessarily follow. The chapters and sections mentioned in § 6105 all relate to partnerships. Chapter 381 relates to banking. The various

16

chapters and sections with which we are here concerned do not deal with the same subject matter and are not necessarily repugnant to each other. It is the fundamental rule of statutory construction that the intention of the Legislature must be ascertained and given effect. *Billings* v. *Billings,* 114 Vt 70, 72, 39 A2d 748; *State* v. *Taranovich,* 116 Vt 1, 5, 68 A2d 796. The intention of the Legislature as expressed in V. S. 47, §§ 8779 and 8780 is plain. The provisions of V. S. 47, §§ 8779 and 8780 are not affected by those of § 6086-II(d), and must control as to the intention and agreement of the parties.

The plaintiff relies on the two cases of *Shanahan* v. *Olmstead County Bank & Trust Co.,* 217 Minn 454, 14 NW2d 433, and *Fleming* v. *Fleming,* 94 Iowa 71, 174 NW 946, 180 NW 206, 184 NW 296, for his contention that the bank account in question is partnership property but we cannot adopt their reasoning in the case at bar. The plaintiff is the representative of Pelton, the deceased partner. No rights of creditors are involved. As between themselves, the partners had the right to make such disposition of the partnership property as they deemed fit. 40 Am Jur 373; 47 CJ 770; 68 CJS 515; *Hunter* v. *Allen,* 174 Ore 261, 267, 284, 147 P2d 213, 148 P2d 936; *Ottaviano* v. *Lorenzo,* 169 Md 51, 179 A 530, 534, 535; *Green* v. *Whaley,* 271 Mo 636, 651, 197 SW 355; *Sargent* v. *Blake,* 160 F 57, 64, 17 LRANS 1040, 1046; *Upson* v. *Arnold,* 19 Ga 190, 63 Am Dec 302; *Lefevre's Appeal,* 69 Pa 219, 8 Am Rep 299, 233; Crane on Partnership 392; Gilmore on Partnerships 128. The Uniform Partnership Act recognizes this right and provides that the intention and agreement of the parties is to control. V. S. 47, § 6069 II, § 6086-II (a), §§ 6101 and 6104. *Block* v. *Schmidt,* 296 Mich 610, 620, 296 NW 698. But as we have seen this case is governed by V. S. 47, § 8780 which makes the intention and agreement of the parties conclusive. Therefore, when Pelton died, the checking account became the sole property of the surviving partner, Dumas. *Connor* v. *Federal Deposit Ins. Corp.,* 112 Vt 380, 384, 26 A2d 105; *Jorgensen* v. *Dalstrom,* 53 Cal App 2d 322, 332, 127 P2d 551; *Estate of Fritz,* 130 Cal App 725, 729, 20 P2d 361.

The plaintiff says that the title on the cover of the pass book determined the title to, and ownership of, the checking account. That contention is unsound under the circumstances prevailing in the present case. The plaintiff cites two decisions by the surrogate

court of the State of New York: *In re Lunt's Estate,* 146 Misc 358, 262 NYS 86 and *In re Yarme's Estate,* 148 Misc 457, 266 NYS 93. Both of these cases concerned deposits in savings accounts and the decisions are based on provisions of the banking law in that state. They do not control the case before us. As is said in *Smith* v. *Brooklyn Savings Bank,* 101 NY 58, 4 NE 123, 54 Am Rep 653, concerning a pass book, "It merely imports a liability of the bank to a depositor for the moneys deposited, and an agreement to repay them at such time and in such manner as he shall direct." It is evidence of the deposits but no better evidence than the entry of the deposits made in the bank's books and retained by the bank. *Howard* v. *Windham Co. Sav. Bank,* 40 Vt 597 at 599. In the present case Pelton had directed that the money deposited was subject to withdrawal by either Dumas or himself and that the money was payable to the survivor of them. The bank had changed the account on its books from "W. H. Pelton, Special Account" to "W .H. Pelton or John H. Dumas Special Account." For several months prior to Pelton's death Dumas had possession of both the deposit and check books. Under the undisputed facts and the law as we have stated it supra the title and ownership of the checking account is determined under V. S. 47, §§ 8779 and 8780 by the order creating the account and not by the title on the cover of the deposit book.

Though V. S. 47, § 8780 makes the account in question an absolute joint account it does not prevent the proof of fraud, undue influence, or incapacity, to defeat the joint interests. There is no question raised of incapacity or undue influence. But the plaintiff claims that the conduct of the defendant under the circumstances, in view of his fiduciary relationship to Pelton, constituted fraud in law. He pleaded it and has briefed it.

The term fraud is used in various senses. It may involve an evil intent or it may consist only of a wrongful act done to the injury of another. The former is actual fraud, the latter constructive. The former involves moral turpitude or intentional wrong. The latter may exist without the imputation of bad faith or immorality. *In re Campbell's Will,* 100 Vt 395, 402, 138 A 725, 54 ALR 1369. The plaintiff does not claim actual fraud but claims that the act of Dumas in obtaining Pelton's signature without disclosing in detail the full import and meaning that the signature card contained and without any other witness was against good conscience. Because of the fiduciary relationship between the parties and because of the

undue advantage which, it is said, Dumas obtained, the plaintiff claims his act constituted fraud in law. The plaintiff relies on *Lynch* v. *Murray,* 86 Vt 1, 6, 83 A 746, but that case was one of actual fraud and is not in point. Here the plaintiff stands in Pelton's shoes. The signing of the signature card occurred more than five years before Pelton's death. He was a shrewd business man and a trustee of the Northfield Savings Bank. At his death his brother John received his savings account in the Northfield bank of $11,812.07, in the Burlington Savings Bank of about $5,000.00 and also mortgages of $9,000.00, all of which read "William H. Pelton or John Pelton, payable to either or the survivor." The uncontradicted testimony of several disinterested witnesses proved that Pelton knew and understood the full import of the change which he had made in the checking account. So the facts do not support the plaintiff's claim of fraud or defeat the effect of the transfer as provided by V. S. 47, § 8780 and the plaintiff's claim is of no avail.

*Therefore we hold that the defendant is the sole owner of the $19,338.05 which he withdrew from the checking account in the Randolph National Bank on September 29, 1949, and that he is not liable to account to the plaintiff for that money. The judgment to account is affirmed and cause remanded for an accounting as to any proper items.*

## ON MOTION FOR REARGUMENT

CLEARY, J. The plaintiff has filed a motion for reargument claiming that the Court erred in the opinion both in its statement of the law and of the facts. The plaintiff claims the opinion states that the Banking Act and the Uniform Partnership Act are alike, are not repugnant, and that, though the opinion states that the intention and agreement of the parties are to control the disposition of partnership property as per provisions of the Partnership Act, elsewhere the opinion states that the Banking Act, which requires no specific intent, controls.

The opinion contains no such statements. It demonstrates that even under the Partnership Act the intention and agreement of the partners control the disposition of partnership property but the opinion holds that in the case at bar the title and ownership of the checking account are determined by the Banking Act, V. S. 47, § 8780 which makes the parties' intention conclusive.

Certain facts related in the opinion as it was first written have been deleted to meet the plaintiff's objection. These facts did not change the result. The question of ownership of the checking account ought not to have been left to the jury to decide. *The motion to reargue is denied. The original entry is amended by adding "let the defendant recover his costs in this Court." As so amended let the full entry go down.*