ROBERTS, Justice.
Appellants Phillips, defendants below, seek reversal of a final decree adjudicating the rights of the parties under a partnership dissolution agreement and awarding a money judgment against appellants in favor of appellee Krensky, plaintiff below.
On June 1, 1948, Phillips and wife, and Krensky and wife entered into a formal written partnership agreement reciting that each of the partners owned a one-fourth interest in the partnership assets. The capital of the partnership consisted of the net assets of Golf Park, Inc., a dissolved Florida corporation. The principal asset was a large tract of land and some buildings in Dade County. On June 16, 1948, the partnership leased the land and buildings to Westview Country Club, a non-profit corporation. Simultaneously with the lease, Westview also received an option to purchase the property between April 1, 1949 and June 30, 19S3. The option price was $367,500. Westview served notice on the partnership on March 16, 1953, that it intended to exercise its option. Thereafter it apparently had difficulty raising the money to pay the full purchase price. Mr. Phillips was a member of Westview; Mr. Krensky was not. Both Phillips and Krensky had some discussions with Westview’s attorneys with reference to taking a mortgage on his respective one-half interest in lieu of cash. Krensky was advised that the Club could not deal with him in this fashion because he was not a member. All the while Krensky insisted that the deed to Westview be executed by all four partners rather than two deeds by the separate husbands and wives.
The deed to Westview was signed by the Phillipses in one lawyer’s office, and by the Krenskys in another. Krensky was paid $183,750 in cash. As consideration for their share, the Phillipses received $5,000 cash plus a mortgage in the face amount of $220,000 with the privilege of a $25,000 discount upon payment before a certain date. Two days after the deal was closed, the partners executed a formal written mutual release dissolving and terminating the partnership. Thereafter Krensky learned the full details of the mortgage arrangement with the Phillipses. Contending that Phillips had obtained a secret advantage which he failed to disclose at the time of dissolution, Krensky and wife instituted this suit for an accounting and ultimate judgment.
The Chancellor heard the witnesses and entered a decree finding that Phillips had advised Krensky that “if it was insisted that all parties join in the deed that it would be necessary for the Club to give Mr. and Mrs. Phillips a mortgage for their one-half interest rather than pay in cash,” and that Krensky made no objection to the mortgage payment arranged between Westview and the Phillipses. The Chancellor was of the opinion, however, “that a complete disclosure was not made to Mr. and Mrs. Krensky concerning the value of the mortgage that was to be given for their interest and that there was a misunderstanding between the partners on this phase of the transaction,” and that the ultimate dissolution of the partnership was infected with this failure to disclose and the misunderstanding that it produced. He found the mortgage to have a then present value of $200,000, concluded that Phillips had received $16,250 more than the Krenskys as the result of his failure to disclose and entered a judgment against the Phillipses in the amount of $8,125. Reversal of this judgment is now sought. Pending appeal Mr. Krensky died. Mrs. Krensky appears here now individually and as executrix of her husband’s estate.
The real issue here is the sufficiency of the evidence to support the decree of the Chancellor.
*790 In addition to the facts recounted above, the evidence shows, and the Chancellor found, that Krensky knew of a previous plan whereby Phillips and wife would retain title to their one-half interest, giving to the Club an extended option to purchase it within two years. Because of the objection made by Krensky that, since the parties came into the deal together they should “go out together”, and his refusal to sign the deed unless the Phillipses also signed, the mortgage arrangement was then worked out. The same witnesses who testified to the above also testified that, when he heard of the retain-title plan, Krensky requested that he be allowed to retain title to his one-half interest, and that Phillips be paid off in cash. A witness, who was attorney for the Club, testified as follows:
“Mr. Krensky asked me if it would not be agreeable to the club to permit him to retain his one-half interest and for us to pay Mr. Phillips. He advised me that Mr. Phillips had spoken to him and had told him of the plan that had been worked out, and he said that he would be agreeable to do it at a price, an eventual price, that would be less to the club than Mr. Phillips was willing to accept; and I advised Mr. Krensky that I would take the matter up with the executive committee of the club but that we had adopted a plan which was limited to members only, and since he was not a member I did not think it would be acceptable.”
Another witness, a member of the Club who acted as attorney for Mr. Krensky throughout the transaction, testified that Krensky asked him to try to work out with the Club the same kind of retain-title deal they had offered to Phillips, stating that he would be willing to extend his option for two years at a $5,000 premium and an additional three years for an additional $5,000. The witness did submit the proposition to the Club officers, who were inclined to accept it because it was more favorable than the Phillips’ deal; however, the committee finally decided they would1 have to go along with Phillips because he-was a Club member and Krensky was not. He so advised Mr. Krensky, prior to the date of the closing.
It was thus clearly shown by undisputed evidence that the partners dealt with their respective half interests as though owned separately by them and not as partnership property. Krensky’s objection to the original retain-title deal with Phillips can be interpreted in no other way than that Kren-sky considered the parties to be tenants in common of their respective interests rather than partners. This is so because the remark attributed to Krensky as the reason for his objection viz., “We came in- together and we are going out together,” is senseless if we assume that Krensky considered the property to be an asset of the partnership; it makes sense only if Krensky considered that each party held his respective interest separately from the other. That Krensky so considered the property is confirmed by the fact that he tried to make a deal with the Club to pay off Phillips and retain his one-half interest “at a price, an eventual price, that would be less to the club than Mr. Phillips was willing to accept.” It is further confirmed by the fact that, knowing that a mortgage had been taken by Phillips for his one-half interest, Krensky asked his attorney to prepare a partnership dissolution agreement and release, to be signed by the parties simultaneously with the execution of the deed conveying the property to the club, which shows that Krensky did not consider the mortgage to be a partnership asset. There can be no doubt that, throughout the entire negotiation, each party approached the transaction as though their interests in the property were separate and not joint. In these circumstances the plaintiffs cannot now contend that Phillips’ failure to disclose the full details of the mortgage transaction was such a breach of confidence as to warrant the court in requiring the Phillipses to account for one-half of the alleged secret profit arising out *791 of the mortgage transaction. See Hodkin v. Perry, Fla.1956, 88 So.2d 139, and cases cited; cf. First National Bank of Indianola v. Brubaker, 1905, 128 Iowa 587, 105 N.W. 116, 2 L.R.A.,N.S., 256; Stroll v. Dumas, 1951, 117 Vt. 13, 84 A.2d 408.
We have not overlooked the terms of the partnership dissolution agreement and release executed by the parties at the time of the conveyance in question, here relied upon by plaintiffs. When interpreted in the light of the conduct of the parties, it is clear that his was merely a formal dissolution, for the record, of the formal partnership agreement. In view of the conduct of the parties respecting the property in question, noted above, the dissolution agreement can not and should not be given any greater effect.
For the reasons stated, the decree appealed from should be and it is hereby
Reversed.
THOMAS, Acting C. J., and DREW and O’CONNELL, JJ., concur.
THORNAL, J., dissents.