STUART BAILEY, Plaintiff, *v.* UPSTATE LOAN Co., INC., Defendant.

County Court, Otsego County, April 1, 1954.

*Chester J. Winslow, Jr.,* for plaintiff.

*Richard J. Bookhout* for defendant.

LOOMIS, J.   The plaintiff has moved this court pursuant to section 47-e of the Personal Property Law of the State of New York for an order vacating or canceling of record an alleged assignment of wages, salary, commissions or other compensation purported to have been executed by the plaintiff to the defendant to secure payment of an alleged note or loan in the amount of $200.   Copies of papers filed by the parties indicate that under date of April 7, 1953, one Clayton Jenks applied to the defendant for a loan in the amount of $200.   It appears that the defendant granted such loan and as evidence thereof took a note signed by said Clayton Jenks and the plaintiff herein which note is dated April 7, 1953, and provides for twenty successive

monthly payments in the amount of $12.65. It also appears that on said date Clayton Jenks gave a chattel mortgage on certain enumerated household goods as security for payment of the note. There has also been filed on this motion an assignment of wages dated April 7, 1953, signed by the maker of the note, Clayton Jenks, which purports to assign to the defendant 10% of his wages, etc., which he earns from the County of Otsego. Such assignment of wages states that it is given as security for payment of the above-described loan. On the same date the defendant also took an assignment of wages from the comaker, the plaintiff herein, in the identical form of the last-mentioned assignment and on such assignment the plaintiff designated his employer as Dairymen's League, Richfield Springs, N. Y.

From the moving papers and the oral argument of counsel, it appears that both assignments of wages have been filed with the respective employers of the makers of the note and the plaintiff moves to vacate his assignment on the grounds that (1) there is another valid and legally enforcible assignment in existence in connection with the same transaction; (2) no copy of such assignment and the other papers was delivered to the plaintiff in compliance with section 46-e of the Personal Property Law; (3) such assignment does not comply with the requirements of section 46-c of the Personal Property Law and (4) such assignment does not comply with the provisions of section 46-f of the Personal Property Law.

The defendant submits an affidavit setting forth the execution of the assignment and asserts that there was no other assignment of wages by the plaintiff which existed in connection with the above transaction and that a copy of the assignment and loan papers was delivered to the plaintiff by mailing the same to him on December 20, 1953.

It is the opinion of this court that the grounds set forth in numbers (3) and (4) are without foundation and furnish no grounds for vacating the assignment.

There is considerable doubt about the timeliness with which copies of the papers pertaining to the transaction were delivered to the plaintiff. Section 46-e provides as follows: " No assignment of future earnings shall be valid for any purpose whatever unless such assignment is personally executed by the assignor and a copy thereof and of any papers attached thereto together with a copy or copies of any papers executed by the assignor pertaining to the transaction or series of transactions described in the assignment are delivered to the assignor." It

is true that this section does not state when such papers must be delivered to the assignor but it seems that a reasonable construction of the section would indicate that they should be delivered at the time they are executed. The statute makes the entire validity of the assignment depend upon a delivery to the assignor and it does not seem that a reasonable interpretation would permit a postponement of such delivery to the time when the assignment is to be actually enforced. It seems to me that the entire purpose of this requirement is to immediately apprise the assignor of what he has signed so that he may more fully comprehend the full extent of his responsibility. To postpone delivery of the copies appears to me to defeat the entire purpose of the section.

However, without making that issue determinative of this motion, it appears that the motion must be granted on the first ground stated in the plaintiff's moving papers. In the answering affidavit it is stated that " no other assignment of wages of the said Stuart Bailey exists in connection with the above described transaction." However, it is not denied that some other valid and legally enforcible assignment exists in connection with this transaction and I, therefore, assume that the assignment simultaneously executed by the comaker, Clayton Jenks, is valid and legally enforcible. Since this appears to be true, and under the wording of section 46-c of the Personal Property Law, it is the court's opinion that the assignment of Stuart Bailey must be vacated and cancelled. That section provides that no such assignment shall be valid unless " no other valid and legally enforceable assignment exists in connection with the same transaction or series of transactions ". Equitably, I can see no reason why a creditor should not be able to take assignments of wages from either, or both, comakers of a note. However, the clear wording of the statute does not so read. Courts cannot disregard the plain words of a statute even in favor of what may be termed an equitable construction. (See *Tompkins* v. *Hunter,* 149 N. Y. 117, and *Matter of Kalina,* 184 Misc. 367.)

This determination is made particularly in view of the fact that from the papers submitted on this motion it appears that this was originally a single loan transaction. Clayton Jenks alone applied for the loan, he alone gave a chattel mortgage to secure it, and obviously he alone had the proceeds of the loan. It seems that the clear intention of the statute is to provide that only one valid and legally enforcible wage assignment may be

used to enforce payment of such a single loan transaction. My determination would be contrary to this holding if both parties had been principals, both had applied for the loan and both had received the proceeds thereof.

The motion is granted. Submit order.