Benjamin Brenner, J.
This application is made pursuant to section 47-e. of the Personal Property Law for an order vacating and canceling of record a wage assignment purportedly executed by the petitioner on October 3, 1956, subsequently assigned to the respondent on October 5, 1956, and recorded^ in the office of the County Clerk, Kings County, on January 14,, 1957.
Respondent’s answering affidavit contains no evidentiary ' facts regarding events occurring prior to October 5, 1956, and the only recorded document is the assignment of wages bearing a further assignment to the respondent.
. The assignment of wages fails to meet the requirements imposed thereon by statute for it fails to state the “ place at which payments are to be made,” as required by section 46-c of the statute (Matter of Lott, 49 N. Y. S. 2d 134, 137).
Petitioner also alleges that neither a copy of the wage assignment nor any other .document upon which the respondent relies herein was ever delivered to him at any time. There is no evidence of such delivery and respondent merely relies upon the formal acknowledgment of receipt contained in the assign *949 ment forms which, in my view, do not constitute proof of the clear act of 1 ‘ delivery ’ ’ contemplated by section 46-e of the Personal Property Law (Bailey v. Upstate Loan Co., 205 Misc. 535, 537).
While respondent is a holder in due course of the promissory note alleged to have been executed by petitioner, it is also an assignee of the wage assignment agreement. As such it is subject to any defenses or infirmities which may exist in connection with the wage agreement. In enforcing its alleged rights as such assignee of the wage contract the respondent has no greater rights than the original assignee.
The order to show cause specifies that the application is made ‘ ‘ on the grounds that said wage assignment was procured by fraud and that in form and in the manner in which it was acquired, there was a failure to comply with the applicable law.” (Emphasis supplied.) The fraud alleged goes to the substance of the sale transaction which cannot be passed upon on an application of this character. As I have had occasion to observe when “ lack of consideration ” was urged as grounds for a similar application in Witherspoon v. Mullins & Sons (N. Y. L. J., March 1, 1957, p. 9, col. 4), until a contract is vitiated or avoided in a plenary suit, it must be regarded as subsisting and any wage assignment based thereon may not be questioned on the ground of fraud. As indicated, however, the ‘1 form ’ ’ was defective in that the place of payment was omitted and, as to the “manner” in which the assignment was obtained, its delivery to the wage assignor when executed is essential (Bailey v. Upstate Loan Co., supra).
Application granted. Settle order on notice.