Benjamin Brenner, J.
This is an application to vacate and cancel a wage assignment which was filed on February 11, 1957, against the wages of Mike Reid, one of the petitioners named herein. The petitioner wife is a party to the original transaction and a cosigner with her husband on all papers involved in the transaction except the wage assignment.
The main ground set forth on this application is that the only papers the petitioner and her husband Mike Reid signed were ‘ ‘ blank papers. ’ ’ This statement is not denied by the respondent, nor is it admitted.
The affidavit submitted in opposition concerns itself solely with facts occurring at the time of receipt of all the papers pertaining to the transaction, including the wage assignment, from the original assignee. No attempt is made by the respondent, assignee, to rebut the sworn statement of the petitioner and no explanation has been offered for the lack of such pertinent evidence.
The respondent has thus seen fit to rely on its claimed position as a holder in due course. This position is untenable. The wage assignment contract was purportedly given as collateral security for the payment of an alleged promissory note. The respondent may be found to be a holder in due course of such note. But as regards its rights under the assignment of wage contract, the assignee takes subject to any defenses or infirmities thereof since it is not a negotiable instrument.
The claim is not made that respondent actually required the statutory eight days’ notice to prepare its defense. Actually the motion was made by service by mail on February 15, 1957, returnable on February 21, 1957, and adjourned to February 26, 1957, and the court granted until March 5, 1957, to submit papers. Moreover, the petitioners have adequately shown why the proceeding should have been brought on in less than eight days’ time (Matter of Lott, 49 N. Y. S. 2d 134). No objection having been raised by the respondent as to the manner of service (by mail) herein, and the respondent having appeared generally to defend on the merits, such defect, if any, is deemed waived.
The grounds for this application ar.e set forth in the affidavit recited in and accompanying the order to show cause. The order to show? cause and the accompanying affidavit therefor meet the requirements of the notice required under the statute (see Stuhmer & Co. v. Korman, 235 App. Div. 856).
*951 In view of the uncontroverted statement in the petitioner Avife’s affidavit that the only papers which she and her husband signed were ‘ ‘ blank papers,” it must necessarily follow that the assignee did not comply with the mandate of the Personal Property Law, namely, delivery of the “ assignment ” and attached papers to the wage earner as required by section 46-e (Bailey v. Upstate Loan Co., 205 Misc. 535). As I have indicated in a similar application on March 28, 1957 (Cajuste v. Budget Credit, 5 Misc 2d 948), mere reliance on the printed form acknowledging receipt is not, in my view, proof of the clear act of “ delivery ” contemplated by the statute.
The assignment is vacated and cancelled of record.
Motion granted. Submit order.