Jambs 8. Brown, J.
Petitioner moves for an order vacating and canceling a wage assignment and for the refund of moneys collected thereunder. The reasons urged are fraud and noncompliance with the pertinent statutory provisions governing-wage assignments.
The petitioner and his wife, who was a cosigner of the alleged note, both assert that the only papers which they signed in connection with the particular transaction were printed forms with blank spaces, containing- no written, or typewritten words. No copies were delivered to the petitioner at that time. These assertions, made under oath, are nowhere contradicted in the answering affidavits, nor are they admitted. No attempt to dispute such statements has been made by respondent. The respondent concerns itself only with the facts and circumstances occurring at a later date, when it received the assignment of the wage assignment together with the promissory note, and thereafter. The respondent stands on its position as a holder in due course of the note, the printed acknowledgment contained in the wage assignment of the wage earner’s receipt of copies of the wage assignment and other papers, and the mailing of the notice of intention to file the wage assignment after default.
*899 The wage assignment itself fails to state the ‘ ‘ Place of Payment,” but the promissory note states “Dealer’s Address Where Payable.” The wage assignment recites that the ‘ ‘ indebtedness arises out of the sale, by the Dealer to me, of the following goods and/or the performance by the Dealer of the following services: Automatic Fire Detection System [description of Goods sold and/or Services performed by the Dealer].” Attached to the wage assignment is a purported contract, undated and unsigned by either party, part of which reads as follows:

“CONTRACT

THIS IS NOT AN ESTIMATE

Date ........................ 195....
This agreement between Easi-Pay Plan Corp. and the undersigned property owner(s), and/or co-signer(s) and guarantor(s), jointly and severally, is for material and/or labor necessary for work upon premises located at 1559 Eastern Parkway, Borough of Brooklyn, New York. N. Y. Tel.........
Automatic Eire Detection System Furnace Room
Parlor Floor — 5 rooms and hall
1st Floor — Hall
2nd Floor — Hall
Bell between parlor and 1st floor
All labor and material included”
Upon the uncontroverted statements of the petitioner and his wife that they signed only papers in blank and received no copies thereof, it is obvious that the original assignee did not comply with the mandate contained in the provisions of section 46-e of the Personal Property Law, which requires that an assignment be “personally executed by the assignor and a copy thereof and of any papers attached thereto together with a copy or copies of any papers executed by the assignor pertaining to the transaction * * * described in the assignment are delivered to the assignor.” There was no delivery of copies to the assignor. Such failure renders the wage assignment invalid. (Bailey v. Upstate Loan Co., 205 Misc. 535; Matter of Reid v. Budget Credit, 5 Misc 2d 949.)
A delivery of such copies at a later date would not satisfy the foregoing statutory requirement (Bailey v. Upstate Loan Co., supra).
Mere reliance upon the printed form acknowledging receipt of such copies is not the proof of the clear act of delivery contemplated by the statute (Bailey v. Upstate Loan Co., supra; Cajuste v. Budget Credit, 5 Misc 2d 948).
*900 Also, a wage assignment is invalid for failure to comply with subdivision (b) of section 46-c of the Personal Property Law which requires that the assignment “ either in its text or in a writing permanently attached thereto, identify specifically and describe fully the transaction to which it relates ”. The purported contract attached to the wage assignment does not, in the opinion of this court, 11 describe fully the transaction ’ ’ within the purview of the statute. (Cruzado v. All State Credit Corp., N. Y. L. J., Sept. 17, 1957, p. 10, ch. 2 [Baker, J.].) In addition, the alleged contract was unsigned by any of the contracting parties and is undated.
While the respondent may be a holder in due course of the promissory note, its rights under the assignment of the wage assignment are not in the same category of a negotiable instrument and are subject to any defenses or infirmities applicable thereto (Matter of Reid v. Budget Credit, supra). As the respondent accepted an assignment of the wage agreement from the original assignee, the respondent was, or should have been, aware of the strict requirements of the statute; the respondent knew, or should have known, that failure on the part of the original assignee to observe strictly the execution, contents and delivery of the wage assignment in conformity with the statutory requirements would invalidate the wage assignment.
The court must for the foregoing reasons vacate the wage assignment.
In passing, the court cannot help but observe that the respondent’s reliance upon the promissory note to supply the omission in the wage assignment as regards 1 ‘ Place of Payment ’ ’ may very well be misplaced. The note, which appears to have been stapled to the wage assignment at a time which is unknown to the court, bears the printed legend: ‘ ‘ This note is detachable.” If the note is detachable, it is the court’s opinion that the note cannot be deemed a “ writing permanently attached ” to the wage assignment within the purview of said subdivision (b) of section 46-c.
It is not necessary, nor would it be proper except in a plenary suit brought to void or vitiate the contract, to pass upon the allegations of fraud made in this proceeding (Cajuste v. Budget Credit, supra).
Motion granted in all respects. Settle order on notice.